PEOPLE v LEWIS

Docket No. 310949. Submitted May 8, 2013, at Lansing. Decided August 27,
    2013, at 9:00 a.m. Leave to appeal sought.

Heidi L. Lewis was charged in the Bay Circuit Court with several counts
    of third-degree criminal sexual conduct. The charges were based on
    alleged sexual penetration engaged in by Lewis, an alleged substitute
    teacher or contractual service provider, with several students in the
    school district. The court, Kenneth W. Schmidt, J., eventually dis-
    missed the charges on the basis that the alleged sexual penetrations
    occurred during the students' summer break from school. The
    prosecution appealed.

The Court of Appeals *held*:

The trial court erred by holding that MCL 750.520d(1)(e)(*i*) and
    (*ii*) preclude the prosecution of a substitute teacher or contractual
    service provider for alleged sexual penetration that occurs in the
    summer when the actor is not acting as a complainant's substitute
    teacher or contractual service provider. The plain language of the
    statute does not contain any temporal requirement regarding the
    timing of the sexual penetration. The statute does not state that the
    sexual penetration must occur while a defendant is acting as a
    substitute teacher or contractual service provider at a complainant's
    school. If a prohibited sexual penetration by a substitute teacher or
    contractual service provider occurs before school, after the school bell
    rings at the end of the day, on a weekend, or during the summer,
    prosecution under the statute is not foreclosed. If the actor's occupa-
    tion as a substitute teacher or contractual service provider at a school
    of a student of the relevant age group allowed the actor access to the
    student in order to engage in sexual penetration, the Legislature
    intended to punish that conduct. The order of the trial court is
    reversed and the matter is remanded to the trial court for reinstate-
    ment of the charges and further proceedings.

Reversed and remanded.

THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — SUBSTITUTE TEACHERS — CONTRAC-
    TUAL SERVICE PROVIDERS — STUDENTS.

A defendant is guilty of third-degree criminal sexual conduct if he or
    she engages in sexual penetration with a public school student or a

nonpublic school student who is at least 16 years of age and less than 18 years of age and the defendant is a substitute teacher or a contractual service provider at the student's school; there is no temporal requirement regarding the timing of the sexual penetration; if a defendant's occupation as a substitute teacher or contractual service provider allowed access to a student of the relevant age group in order for the defendant to engage in sexual penetration with the student, prosecution is not foreclosed by the fact that the sexual penetration occurred during nonschool hours, on a weekend, or during the summer vacation period (MCL 750.520d[1][e]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kurt C. Asbury*, Prosecuting Attorney, and *Sylvia L. Linton*, Assistant Prosecuting Attorney, for the people.

*Mathieu & Lee, PLC* (by *Courtney L. Thom*), for defendant.

Before: FORT HOOD, P.J., and FITZGERALD and O'CONNELL, JJ.

PER CURIAM. The prosecution appeals as of right the trial court's order dismissing the charges of third-degree criminal sexual conduct, MCL 750.520d(1)(e). We reverse and remand for proceedings consistent with this opinion.

In the summer of 2010,[1] the complainants alleged that

---

[1] An appellate brief must contain a statement of all material facts, both favorable and unfavorable, presented fairly without argument or bias with specific page references to the transcripts. MCR 7.212(C)(6) and (7). A brief that does not conform to the requirements of the court rule may be stricken. MCR 7.212(I). Additionally, the appellant is responsible for securing the complete transcript of all proceedings unless excused by court order or the parties' stipulation. MCR 7.210(B)(1). Although a trial was in progress in this case at the time a second mistrial was declared, the prosecution does not rely on the testimony set forth during trial, but sets forth a statement of facts premised on written police reports. Generally, police reports are inadmissible hearsay. MRE 801(c); MRE 802; *In re Forfeiture of a Quantity of Marijuana*, 291 Mich App 243, 254; 805 NW2d 217 (2011). Although transcripts of the trial in progress were submitted, the entire transcript was

they engaged in sexual acts with defendant, an alleged substitute teacher in their school district. A first trial ended in a mistrial purportedly because of juror misconduct.[2] In the course of the second trial, the prosecutor sought to amend the charges to alternatively allege that the sexual acts may have occurred when defendant was a contractual service provider. The judge allowed the prosecutor to amend the charges, but declared a mistrial at the request of the defense and later granted a defense motion for disqualification of the judge. The successor judge requested that the parties address the issue whether the statute applied if the alleged sexual acts between the complainants and defendant occurred during the summer. Ultimately, the trial court dismissed the charges, holding, as a matter of law, that the statute provides that defendant "is a substitute teacher," and it was undisputed that school was out of session because of the summer break at the time of the alleged acts.[3] From that decision, the prosecution appeals as of right.

not provided, rather only the cross-examination of certain witnesses was transcribed. Because the issue presented involves a question of law and defendant did not object to the deficiencies, we will nonetheless address the merits of the appeal on the available record despite the noncompliance with the court rules.

[2] We do not have a transcript of the first trial, but rely on the register of actions.

[3] This cursory statement of facts primarily devoted to the procedural posture of the case is necessary because the prosecution presented a statement of facts premised on the police reports, concluding that the complainants were preyed upon by defendant. However, although it is difficult to complete the factual picture without the direct examination, the first complainant seemingly admitted that he had initiated the contact with defendant. Moreover, the complainants also appeared to acknowledge that, through texts, they wrote defendant that if she did not cooperate with multiple sexual acts with multiple complainants they would "tell." This information may contradict the statements given by the complainants as presented in the police reports. Because of the prosecution's noncompliance with the requirements of MCR 7.212(C)(6)

The prosecution contends that the trial court erred by holding, as a matter of law, that MCL 750.520d(1)(e)(*i*) and (*ii*) preclude prosecution of a substitute teacher or contractual service provider when the alleged sexual acts occur in the summer. On this limited question, we agree. A trial court's ruling addressing a motion to dismiss is reviewed for an abuse of discretion. *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012); *People v Stephen*, 262 Mich App 213, 218; 685 NW2d 309 (2004). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Buie*, 491 Mich 294, 320; 817 NW2d 33 (2012). When a ruling involves an interpretation of the law or the application of law to uncontested facts, appellate review is de novo. *People v Elliott*, 494 Mich 292, 300-301; 833 NW2d 284 (2013). The interpretation and application of a statute presents a question of law that the appellate court reviews de novo. *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012). "[T]he intent of the Legislature governs the interpretation of legislatively enacted statutes." *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). The intent of the Legislature is expressed in the statute's plain language. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). When the statutory language is plain and unambiguous, the Legislature's intent is clearly expressed, and judicial construction is neither permitted nor required. *Id.* When interpreting a statute, the court must avoid a construction that would render part of the statute surplusage or nugatory. *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011). "Statutes must be construed to prevent

---

and (7), we are unable to delineate a factual summary premised on the trial transcripts as a whole and compare the testimony to the police reports.

absurd results." *People v Tennyson*, 487 Mich 730, 741; 790 NW2d 354 (2010) (quotation marks, citation, and footnote omitted). "Criminal statutes are to be strictly construed," and cannot be extended beyond their clear and obvious language. *People v Jahner*, 433 Mich 490, 498; 446 NW2d 151 (1989).

If a statute specifically defines a term, the statutory definition is controlling. *People v Williams*, 298 Mich App 121, 126; 825 NW2d 671 (2012). When "terms are not expressly defined anywhere in the statute, they must be interpreted on the basis of their ordinary meaning and the context in which they are used." *Zajaczkowski*, 493 Mich at 13. However, technical words and phrases that have acquired a peculiar and appropriate meaning in law shall be construed and interpreted in accordance with that meaning. See MCL 8.3a; *Bylsma*, 493 Mich at 31. Additionally, when a term is not defined in a statute, the dictionary definition of the term may be consulted or examined. *People v Perkins*, 473 Mich 626, 639; 703 NW2d 448 (2005). A court's reliance on dictionary definitions assists the goal of construing undefined terms in accordance with their ordinary and generally accepted meanings. *People v Morey*, 461 Mich 325, 330-331; 603 NW2d 250 (1999). "However, recourse to dictionary definitions is unnecessary when the Legislature's intent can be determined from reading the statute itself." *People v Stone*, 463 Mich 558, 563; 621 NW2d 702 (2001). Despite the Legislature's failure to define a term, the intent may be determined by examining the language of the statutes themselves. *Id.*

Statutes that relate to the same matter are considered to be *in pari materia*. *People v Perryman*, 432 Mich 235, 240; 439 NW2d 243 (1989). "Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People*

*v Harper*, 479 Mich 599, 621; 739 NW2d 523 (2007). The general rule of *in pari materia* requires courts to examine a statute in the context of related statutes. *Id.*

The legislative history of an act may be examined to determine the underlying purpose of the legislation. *In re Certified Question From the United States Court of Appeals for the Sixth Circuit*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). However, legislative history is afforded little significance when it does not reflect an official view of the legislators and may not be utilized to create an ambiguity where one does not otherwise exist. *Id.*; see also *People v Gardner*, 482 Mich 41, 58; 753 NW2d 78 (2008).

MCL 750.520d provides, in relevant part:

(1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:

\* \* \*

(e) That other person is at least 16 years of age but less than 18 years of age and a student at a public school or nonpublic school, and either of the following applies:

(*i*) The actor is a teacher, substitute teacher, or administrator of that public school, nonpublic school, school district, or intermediate school district. This subparagraph does not apply if the other person is emancipated or if both persons are lawfully married to each other at the time of the alleged violation.

(*ii*) The actor is an employee or a contractual service provider of the public school, nonpublic school, school district, or intermediate school district in which that other person is enrolled, or is a volunteer who is not a student in any public school or nonpublic school, or is an employee of this state or of a local unit of government of this state or of the United States assigned to provide any service to that

public school, nonpublic school, school district, or intermediate school district, and the actor uses his or her employee, contractual, or volunteer status to gain access to, or to establish a relationship with, that other person.

As applied to the facts of this case, the plain language of MCL 750.520d(1)(e) indicates that a defendant is guilty of third-degree criminal sexual conduct if he or she engages in sexual penetration with a public school student or a nonpublic school student who is at least 16 years of age and less than 18 years of age and the defendant "is" either a "substitute teacher," MCL 750.520d(1)(e)(*i*), or a "contractual service provider," MCL 750.520d(1)(e)(*ii*). Based on the record presented, there *may be* evidence that defendant acted as a substitute teacher[4] in the public school district in which the complainants were students between the ages of 16 and 18 during the previous school year. The testimony reflected that defendant served as a "long term" substitute for the students' British Literature class. However, the trial court further concluded that the elements

---

[4] We note that a school administrator testified that the school district did not retain defendant as a substitute teacher. Rather, the district contracted with a third-party entity to provide substitute teachers. With regard to defendant's status as a "substitute teacher," the school administrator deferred the issue to the school's human resources department. Consequently, the prosecution sought to amend the complaint to reflect that the alleged offenses were committed by defendant as a substitute teacher or contractual service provider and also sought to add a witness to the witness list to testify regarding defendant's employment status. Because of the incomplete record, we do not address the issue further, but leave the prosecution to its proofs and for resolution by the jury. We also note that defendant objected to the status of the case, by allowing the prosecutor to amend the complaint before the close of proofs, thereby preventing a motion for a directed verdict. This issue was not raised in a motion below, and defendant did not file a cross-appeal addressing this issue. Questions regarding whether the prosecution could meet its proofs, whether any prejudice resulted from the amendment, and whether double jeopardy principles applied were not raised in this appeal, and we do not address them.

of the offenses could not be established because the alleged acts occurred in the summer when defendant was not acting as the complainants' substitute teacher or contractual service provider.

The plain language of MCL 750.520d(1)(e)(*i*) and (*ii*) does not contain any temporal requirement regarding the timing of the sexual penetration. *Bylsma*, 493 Mich at 26; *Cole*, 491 Mich at 330. Rather, the term "is" refers to the relationship of the actor. Specifically, the statute does not state that the sexual penetration must occur while a defendant is acting as a substitute teacher and does not define the term "is." Rather, the statute uses the phrases, "[t]he actor is a teacher, substitute teacher, or administrator of that public school," or "[t]he actor is an employee or contractual service provider of the public school . . . ." We may consult a dictionary definition to determine the meaning of the term "is." *Perkins*, 473 Mich at 639; *Morey*, 461 Mich at 330-331. According to the dictionary, the term "is" means "be." *Random House Webster's College Dictionary* (2001), p 701. The dictionary defines the term "be" to mean "to exist or live," "to take place; occur," "to continue or remain as before," and "to occupy a place or position." *Id.* at 116. Consequently, if we incorporate the dictionary definitions into the statute at issue,[5] third-degree criminal sexual conduct may be committed by an actor who occupies the place or position of a substitute teacher. MCL 750.520d(1)(e)(*i*). This same interpretation applies to the contractual-service-provider language of MCL 750.520d(1)(e)(*ii*). The term "is" does not refer to the timing of the sexual penetration, and the plain language of MCL 750.520d(1)(e)(*i*) contains no reference to when the events between the student in the

---

[5] That is, we substitute the term "is" with "be" and, in turn, the term "be" with "to occupy a place or position."

relevant age period and the actor must have taken place. Rather, it refers to the occupation of the actor.[6]

Our review of the plain language of MCL 750.520d reveals that the Legislature intended to protect persons in a certain age group or with certain vulnerability who encounter an individual in a position of authority or supervision over those persons. *Bylsma*, 493 Mich at 26; *Cole*, 491 Mich at 330. A review of the statute reveals that it criminalizes sexual penetration under circumstances where an individual of a certain age, infirmity, and/or vulnerability engages in sexual penetration with an individual of a particular circumstance or relationship. An individual is guilty of third-degree criminal sexual conduct if: (1) the victim is at least 13 years of age and under 16 years of age, MCL 750.520d(1)(a); (2) force or coercion is used to commit the sexual penetration, MCL 750.520d(1)(b); (3) the actor is aware of the victim's mental or physical limitations, MCL 750.520d(1)(c); (4) the actor is related to the victim within a specific degree of blood or affinity, MCL 750.520d(1)(d); (5) the victim is a student of at least 16 years of age but less than 18 years of age and the person occupies a relationship of authority over the victim such as a teacher, administrator, or contract worker, MCL 750.520d(1)(e); (6) the victim is at least 16 years old but less than 26 years old and in receipt of special education services and the actor also occupies a position of author-

---

[6] Because of the limited transcript, we note that it was difficult to discern the qualifications of defendant as a teacher and the requirements for being a substitute teacher in light of the school administrator's reference to the need to consult with the human resources department. In response to a juror question, the school administrator testified that a minimum amount of college credits and a criminal background check was necessary to become a substitute teacher, although a bachelor's degree was preferred. Again, the prosecution is left to its proofs on the issue whether defendant was a substitute teacher or contractual service provider.

ity or supervision over the victim, MCL 750.520d(1)(f); or (7) the actor is an employee or supervisor of a child care organization or foster home in which the at least 16 years old victim resides, MCL 750.520d(1)(g). The plain language stating the various methods of committing third-degree criminal sexual conduct indicates that the statute was designed to prevent harm to individuals of a certain age or a certain vulnerability from actors with knowledge of the vulnerability or actors that occupy positions of authority or supervision over the individuals. Again, there is no temporal requirement in the plain language of the statute regarding the commission of the sexual penetration. Consequently, if a sexual penetration by a substitute teacher occurs before school or after the school bell rings at the end of the day, or on a weekend, or during the summer,[7] prosecution pursuant to MCL 750.520d(1)(e)($i$) is not foreclosed. Rather, if the actor's occupation as a substitute teacher allowed the actor access to the student of the relevant age group in order to engage in sexual penetration, the Legislature intended to punish that conduct. MCL 750.520d(1)(e)($i$); *Bylsma*, 493 Mich at 26.[8] Accordingly, the trial court erred by dismissing the charges[9] against defendant.

---

[7] Although we conclude that the plain language of the statute allows the prosecution of a substitute teacher for acts that occur during the summer, we also note that a construction to the contrary, i.e., one that allows for sexual penetration to occur between relevant-age students and substitute teachers after hours, on weekends, or during the summer, leads to absurd results. *Tennyson*, 487 Mich at 741.

[8] Legislative analysis is of limited value because it is not an official view of the legislators. *In re Certified Question*, 468 Mich at 115 n 5; *Gardner*, 482 Mich at 58. However, we note that our holding regarding the Legislature's intent is consistent with the analysis of the need for the legislation protecting students above the age of consent from teachers. See House Legislative Analysis, SB 1127, December 11, 2002.

[9] We note that the trial court, in part to reach its decision, addressed the term "substitute teacher" in the context of workers' compensation

Reversed and remanded for reinstatement of the charges and for proceedings consistent with this opinion. We do not retain jurisdiction.

FORT HOOD, P.J., and FITZGERALD and O'CONNELL, JJ., concurred.

---

law. There is no reference in the criminal statute to other statutes addressing teachers, and therefore, we do not consider them *in pari materia. Harper*, 479 Mich at 621.