# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CALLEN TRENT LATZ,

Defendant-Appellant.

FOR PUBLICATION
December 20, 2016
9:00 a.m.

No. 328274
Clinton Circuit Court
LC No. 14-011348-AR

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

RONAYNE KRAUSE, P.J.

Defendant Callen Latz, a medical marijuana patient, appeals by leave granted from an order affirming the denial of his motion to dismiss his charge of illegal transportation of marijuana, MCL 750.474. Defendant pleaded guilty subject to his right to appeal the legality of the statute, which he asserts was an unconstitutional amendment of the Michigan Medical Marijuana Act (MMMA), MCL 333.26421 *et seq.*, and was superseded by the MMMA. We reverse and remand.

This Court reviews de novo issues of statutory interpretation. *People v Miller*, 498 Mich 13, 16-17; 869 NW2d 204 (2015). The goal of statutory interpretation is to ascertain and apply the intent of the drafter, which is the Legislature in the case of legislatively enacted statutes like MCL 750.474, and is the electorate in the case of voter-initiated statutes like the MMMA. *People v Hartwick*, 498 Mich 192, 209-210, 201 n 28; 870 NW2d 37 (2015). The best evidence of that intent is the plain language used, and the courts do not evaluate the wisdom of any statute or act. *Id*. at 210. Statutes are read "as a whole," *People v Jones*, 301 Mich App 566, 578; 837 NW2d 7 (2013), and we give "'every word . . . meaning.'" *Id*., quoting *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011) (altered here). "If a statute specifically defines a term, the statutory definition is controlling." *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013). We "must avoid a construction that would render any part of the statute[s] surplusage or nugatory." *Id*. at 341. "If the statutory language is clear and unambiguous," the inquiry stops. *Braska v Challenge Mfg Co*, 307 Mich App 340, 352; 861 NW2d 289 (2014).

In its entirety, MCL 750.474 provides:

-1-

(1) A person shall not transport or possess usable marihuana as defined in section 26423 of the public health code, 1978 PA 368,[1] MCL 333.26423, in or upon a motor vehicle or any self-propelled vehicle designed for land travel unless the usable marihuana is 1 or more of the following:

(a) Enclosed in a case that is carried in the trunk of the vehicle.

(b) Enclosed in a case that is not readily accessible from the interior of the vehicle, if the vehicle in which the person is traveling does not have a trunk.

(2) A person who violates this section is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

This statute was enacted by 2012 PA 460, which was *after* the enactment of the MMMA, which went into effect with the passage of 2008 IL 1. Therefore, defendant's argument that the MMMA "superseded" the illegal transportation of marijuana statute is impossible. *Black's Law Dictionary* defines supersede as: to annul, make void, or repeal by taking the place of. As a general matter, to supersede something entails an act later in time.

Nevertheless, courts are not narrow-mindedly bound by the labels given to an argument by a party, but rather by the substance thereof. See *In re Traub Estate*, 354 Mich 263, 278-279; 92 NW2d 480 (1958); *Wilcox v Moore*, 354 Mich 499, 504; 93 NW2d 288 (1958); *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 NW2d 552 (2005). It is clear to us that, however defendant chose to articulate it, the gravamen of his argument is that the MMMA preempts the illegal transportation of marijuana statute. In the absence of any dispute whether defendant was in compliance with the MMMA,[2] we presume that he was in compliance. We perceive the question before us to be, in substance, whether an irreconcilable conflict exists between the MMMA and the illegal transportation of marijuana statute under the circumstances of this case, and if so, whether the MMMA precludes defendant's conviction.

In reverse order, if such an irreconcilable conflict exists, the MMMA clearly and unambiguously *does* preclude defendant's conviction. The MMMA states that "[a]ll other acts . . . inconsistent with this act do not apply to the medical use of marihuana as provided for by this act." MCL 333.26427(e). Therefore, if another statute is inconsistent with the MMMA such that it punishes the proper use of medical marijuana, the MMMA controls and the person properly using medical marijuana is immune from punishment. *People v Koon*, 494 Mich 1, 7; 823

---

[1] This probably should have referred to "section 3 of the Michigan medical marihuana act, 2008 IL 1." We find this error of no importance and note it only for completeness.

[2] Insofar as we can determine from the record, the prosecutor disputed whether defendant had completely followed all proper procedures in seeking the matter dismissed under the MMMA, but there appears to be no dispute that defendant possessed a valid medical marijuana registry patient identification card, MCL 333.26423(j), at all relevant times.

NW2d 724 (2013) (finding that a portion of the Michigan Vehicle Code was "inconsistent with the MMMA," so it did "not apply to the medical use of marijuana"). See also, *Ter Beek v City of Wyoming*, 495 Mich 1, 20-21; 846 NW2d 531 (2014) (finding that a city "[o]rdinance directly conflict[ed] with the MMMA by . . . imposi[ng] . . . a penalty . . . on a registered qualifying patient whose medical use of marijuana f[ell] within the scope of [the MMMA's] § 4(a)'s immunity" and that the MMMA preempted the ordinance) (internal quotations and citations omitted); *Braska*, 307 Mich App at 357-359, 365 (finding that the MMMA conflicted with a portion of the Michigan Employment Security Act (MESA), the MMMA preempted the MESA, and persons complying with the MMMA were, therefore, immune from penalty under the MESA).

The prosecutor attempts to analogize the illegal transportation of marijuana statute to laws governing the transportation of alcohol. This comparison is inapt under the circumstances. If, hypothetically, marijuana were to be decriminalized generally with no particular other qualifications, *then* the comparison would make sense, because, obviously, the Legislature would remain completely within its rights to regulate, *inter alia*, the manner in which it could be transported when possessed for *recreational* purposes. Furthermore, a person *illegally* possessing marijuana could be properly charged with illegally transporting it in addition to illegally possessing it. Neither scenario would affect the special status afforded to marijuana possessed for *medical* purposes, and in fact the illegal transportation of marijuana statute expressly refers to "usable marihuana" under the MMMA rather than marijuana generally. In other words, if the Legislature treated marijuana like alcohol, then the prosecutor's analogy to alcohol would make sense. It is manifestly apparent that a significant percentage of the population would *like* the Legislature to do so, but that is not, at present, the state of the law.[3]

"Under the MMMA, . . . '[t]he medical use of marihuana is allowed . . . to the extent that it is carried out in accordance with the provisions of th[e] act.'" *Hartwick*, 498 Mich at 209, quoting MCL 333.26427(a) (altered here). If persons comply with the MMMA, it grants "broad" "immunity" from prosecution. MCL 333.26424(a); *Braska*, 307 Mich App at 357-358. As noted, there is no dispute, at least for the purposes of this appeal, that defendant was in compliance with the MMMA. The MMMA defines medical use as the "acquisition, possession, . . . use, . . . delivery, transfer, *or transportation* of marihuana . . . relating to the administration of marihuana to treat or alleviate a registered qualifying patient's debilitating medical condition or" "associated" "symptoms." MCL 333.26423(f) (emphasis added). The illegal transportation of marijuana statute expressly refers to this provision and unambiguously seeks to *place additional requirements* on the transportation of medical marijuana beyond those imposed by the MMMA. Thus, MCL 750.474 clearly subjects persons in compliance with the MMMA to prosecution despite that compliance, and it is therefore impermissible. *Koon*, 494 Mich at, 7; *Braska*, 307 Mich App at 357-358. Because MCL 750.474 is not part of the MMMA, defendant, as a compliant medical marijuana patient, cannot be prosecuted for violating it.

---

[3] We express no opinion as to the wisdom of the present, or of any hypothetical future, state of the law, but rather only note the theoretical consequences thereof.

Because this conclusion is dispositive of the instant appeal, we exercise judicial restraint and decline to consider defendant's constitutional argument. Defendant's conviction is reversed, and we remand for entry of a judgment in his favor. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher