# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TYKEITH L. TURNER,

        Defendant-Appellee.

UNPUBLISHED
May 17, 2018

No. 336406
Wayne Circuit Court
LC No. 95-010246-01-FC

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order granting defendant, Tykeith Turner, relief from judgment and resentencing Turner for assault with intent to commit murder (AWIM), MCL 750.83. We reverse and remand for entry of a judgment reinstating Turner's original sentence of life in prison with the possibility of parole for AWIM.

## I. BACKGROUND

In 1995, when Turner was 16 years old, he was convicted of first-degree murder, MCL 750.316, AWIM, MCL 750.83, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b, for his role in a drive-by shooting. After a juvenile disposition hearing in March 1996, the trial court sentenced Turner as an adult, rather than a juvenile, to life in prison without parole for first-degree murder, life in prison with the possibility of parole for AWIM, and a consecutive term of two years' imprisonment for felony-firearm.

In 2012, the United States Supreme Court held in *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012), "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " In response to *Miller*, the Michigan Legislature enacted MCL 769.25 and MCL 769.25a to address life-without-parole offenses committed by minors and the option of imprisonment for a term of years. MCL 769.25a applies to closed cases with exhausted appeals in the event that the Michigan Supreme Court or United States Supreme Court applied *Miller* retroactively. MCL 769.25a(2) and (3). In 2016, the United States Supreme Court determined that *Miller* must be applied retroactively. *Montgomery v Louisiana*, ___ US ___, ___; 136 S Ct 718, 736; 193 L Ed 2d 599 (2016). Accordingly, because Turner received a sentence of mandatory life without parole for his first-degree murder conviction, he was entitled to resentencing for that conviction.

-1-

In July 2016, the prosecution filed a notice of intent to seek a term-of-years sentence for Turner's first-degree murder conviction, ranging from a minimum term of 25 to 40 years' imprisonment to a maximum term of 60 years' imprisonment, pursuant to MCL 769.25a(4)(c). Turner then filed a motion for relief from judgment requesting resentencing for the AWIM conviction. Turner argued that MCR 6.502(G)(2) permitted him to file a successive motion because his request for relief was based on an intervening retroactive change in the law.[1] Although the prosecution agreed that Turner was entitled to resentencing for his first-degree murder conviction, it did not agree that he was entitled to resentencing for AWIM.

The trial court agreed with Turner that *Miller* and *Montgomery* permitted the filing of a successive motion for relief from judgment and provided a basis for invalidating the original sentence for the AWIM conviction. The trial court noted that, although speculative, Turner's sentence of life imprisonment with the possibility of parole for AWIM could negate *Miller* and *Montgomery* because Turner could serve his full prison term for first-degree murder but be denied parole for AWIM. The trial court considered the original sentencing court's comment that it wished for a compromise between a juvenile sentence and life imprisonment. The trial court determined that the original sentencing court did not exercise its discretion in sentencing Turner for the AWIM conviction. The trial court also reasoned that because there was no possibility of parole for the first-degree murder conviction, a lesser sentence for AWIM was meaningless. The trial court resentenced Turner to 25 to 60 years' imprisonment for first-degree murder and 20 to 27 years' imprisonment for AWIM, to be served consecutively to the two-year term of imprisonment for felony-firearm.

## II. DISCUSSION

On appeal, the prosecution argues that the trial court erred by granting Turner's motion for relief from judgment because he did not demonstrate a valid basis for filing a successive motion for relief from judgment and he did not establish that his sentence for AWIM was invalid. We agree. This Court reviews a trial court's grant of relief from judgment for an abuse of discretion and the trial court's findings of fact for clear error. *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). We review de novo the interpretation of a court rule, *People v Swain*, 288 Mich App 609, 629; 794 NW2d 92 (2010), and the interpretation of a statute, *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013).

### A. SUCCESSIVE MOTION

Generally, a defendant may file "one and only one motion for relief from judgment . . . with regard to a conviction." MCR 6.502(G)(1). "A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." MCR 6.502(G)(2). A successive motion that does not meet one of these exceptions must fail. *Swain*, 288 Mich App at 631.

---

[1] Turner had previously filed motions for relief from judgment in 1999, 2008, and 2009.

In this case, the trial court abused its discretion by granting Turner's successive motion for relief from judgment because the retroactive change in law did not apply to the AWIM sentence. *Miller* held unconstitutional "a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." *Miller*, 567 US at 479. It did not foreclose the possibility of imposing a sentence of life without parole, but it required trial courts "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480. *Miller* only applies retroactively to juvenile sentences of life without parole. *Montgomery*, 136 S Ct at 736. Turner was sentenced to life imprisonment with the possibility of parole for AWIM. Therefore, the retroactive change in the law did not apply to Turner's sentence for AWIM.

In addition, MCL 769.25 and MCL 769.25a do not support Turner's argument that he is entitled to resentencing for his AWIM conviction. Criminal statutes should be strictly construed. *Lewis*, 302 Mich App at 342. When interpreting a statute, this Court must "determine and give effect to the Legislature's intent." *People v Lowe*, 484 Mich 718, 721; 773 NW2d 1 (2009). "The statute's words are the most reliable indicator of the Legislature's intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute." *Id*. at 721-722. When statutory language is unambiguous, courts must apply the language as written without further construction. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999).

MCL 769.25 and MCL 769.25a provide a remedy for juveniles sentenced pursuant to mandatory life-without-parole statutes, but they do not entitle a defendant to be resentenced on all convictions. Turner was not sentenced to life without parole for AWIM, and MCL 769.25(2) does not specify AWIM as an offense eligible for resentencing. Therefore, MCL 769.25 and MCL 769.25a do not provide a basis to resentence Turner for the AWIM conviction. In short, Turner has not met an exception for filing a successive motion for relief from judgment, and he is not entitled to resentencing for the AWIM conviction.

## B. ACTUAL PREJUDICE

MCR 6.508(D)(3) becomes relevant only if the defendant has met an exception for filing a successive motion. *Swain*, 288 Mich App at 632-633. Because Turner did not meet the requirements for filing a successive motion for relief from judgment pursuant to MCR 6.502(G)(2), Turner was not entitled to relief pursuant to MCR 6.508(D). Nonetheless, we briefly address this issue.

A trial court may not grant a defendant's motion for relief from judgment if the defendant has not demonstrated "good cause" and "actual prejudice." MCR 6.508(D)(3)(a) and (b). Pertinent to this appeal, to show actual prejudice when challenging a sentence, the defendant must show that "the sentence is invalid." MCR 6.508(D)(3)(b)(*iv*). Life imprisonment with the possibility of parole was and is a valid sentence for an AWIM conviction. An AWIM conviction is "punishable by imprisonment in the state prison for life or any number of years." MCL 750.83. *Miller* did not invalidate Turner's AWIM sentence because *Miller* only applies to mandatory life imprisonment without parole. See *Miller*, 567 US at 465. Moreover, as the trial court noted, the possibility that Turner may not be released on parole after serving his term-of-

years sentence for first-degree murder is purely speculative.[2] Therefore, Turner did not show that the AWIM sentence was invalid.

## III. CONCLUSION

We reverse the trial court's order granting Turner's motion for relief from judgment and the judgment of resentencing for AWIM. We remand for entry of a judgment reinstating Turner's original sentence of life in prison with the possibility of parole for AWIM. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly

---

[2] Turner also argues that his sentence for AWIM was invalid because offense variable 2 was improperly scored. Because we conclude that the original life sentence for the AWIM conviction was valid and should be reinstated, we do not address this argument.