# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAYVONTAY DENEL REED,

Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 340534
Ingham Circuit Court
LC No. 14-000649-FC

---

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of three counts of armed robbery, MCL 750.529, one count of possession of a firearm by a felon (felon-in-possession), MCL 750.224f, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant previously appealed his convictions and sentences, and this Court remanded the case to the trial court for further *Crosby*[1] sentencing proceedings. See *People v Reed*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2016 (Docket No. 327502), p 5. On remand, the trial court resentenced defendant as a third-offense habitual offender, see MCL 769.11, to serve concurrent prison terms of 180 to 240 months for the three armed robbery convictions and 30 to 60 months for the felon-in-possession conviction, and a consecutive prison term of 24 months for the felony-firearm conviction. Additionally, the trial court ordered defendant to pay $1,470.00 in court costs and $750.00 in attorney fees. Defendant appeals as of right the trial court's imposition of these costs and fees. We affirm.

For the first time on appeal, defendant asserts two objections to the trial court's assessment of court costs and attorney fees. First, he contends that the trial court erred in failing to articulate a reviewable factual basis underlying the $1,470.00 in court costs assessed under MCL 769.1k(1)(b)(*iii*). Second, defendant argues that the trial court erred by depriving him of his due-process rights to notice and an opportunity to be heard with respect to payment of $750.00 in attorney fees under MCL 769.1k(1)(b)(*iv*). We reject both of defendant's arguments.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Generally, the interpretation or application of a statute is subject to de novo review. *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013). Likewise, this Court reviews de novo the constitutional question whether a party has been afforded due process. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010). However, because defendant failed to preserve the issues raised on appeal by objecting to the imposition of court costs and attorney fees before the trial court, our review is limited to plain error affecting defendant's substantial rights. See *People v Konopka*, 309 Mich App 345, 356; 869 NW2d 651 (2015). To show plain error affecting substantial rights, a defendant must demonstrate that an error occurred, that the error was clear or obvious, and that the error affected the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Even if a defendant demonstrates that plain error occurred, reversal is left to the reviewing court's discretion and is warranted only when the error "resulted in the conviction of an actually innocent defendant" or "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 766.

MCL 769.1k provides, in pertinent part,

(1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred by statute or sentencing is delayed by statute:

* * *

(b) The court may impose any or all of the following:

* * *

(*iii*) Until October 17, 2020, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Goods and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

This Court has recognized that MCL 769.1k(1)(b)(*iii*) authorizes trial courts to impose court costs against criminal defendants who either plead or are found guilty. See *Konopka*, 309 Mich App at 357. As set forth by the statute, a trial court is not obligated to calculate separately the costs it expended in a particular case but must articulate a factual basis establishing that the costs are "reasonably related to the actual costs incurred by the trial court." *Id*. at 359-360. To this end, the State Court Administrative Office has published a memorandum advising trial courts of a method for determining the average cost of a criminal case within a particular circuit. Specifically, "[a]s an aid to determining court costs, the State Court Administrative Office has

recommended that circuit courts calculate costs for purposes of MCL 769.1k(1)(b)(*iii*) 'by taking the average of actual costs times the percent of [the] workload for [the] criminal [division] divided by the average number of criminal cases disposed.' " *People v Cameron*, 319 Mich App 215, 225; 900 NW2d 658 (2017), lv pending. In *Cameron*, this Court held that court costs assessed against a criminal defendant were sufficiently supported by a factual basis when they were calculated according to a formula "substantially similar" to that recommended by the State Court Administrative Office. *Id*. at 225-226.

In calculating the court costs to be assessed against defendant, the trial court in the present case relied on the formula described by the State Court Administrative Office:

> The Court will indicate that the costs had been established pursuant to the State Court Administrators [sic] Office, that these are the costs for the prosecution of the case here and that's the amount that we can recover as established by the Supreme Court and State Court Administrators Office.[2]

Further, the prosecution has attached to its brief on appeal a second memorandum from the State Court Administrative Office calculating the average cost per criminal case in Ingham Circuit Court to be $1,471.08. Accordingly, we conclude that the trial court did not err in assessing defendant $1,470.00 in court costs, as this figure is reasonably grounded in the actual costs incurred by the trial court.

We next turn to defendant's challenge to the trial court's assessment of attorney fees against defendant. As quoted above, MCL 769.1k(1)(b)(*iv*) permits trial courts to assess against a criminal defendant the "expenses of providing legal assistance to the defendant." Thus, as acknowledged by our Supreme Court in *People v Jackson*, 483 Mich 271, 283; 769 NW2d 630 (2009), MCL 769.1k(1)(b)(*iv*),[3] along with MCL 769.1l, authorizes Michigan trial courts "to both impose a fee for a court-appointed attorney as part of a defendant's sentence and to enforce that imposition against an imprisoned defendant."

Defendant contends, without citation to any authority, that MCL 769.1k(1)(b)(*iv*) does not properly confer authority on trial courts to impose attorney fees because the statute is procedural and not penal in nature. This argument lacks merit. Initially, we note that " '[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.' " *Konopka*, 309 Mich App at 366, quoting *People v Kelly*, 231

---

[2] The trial court provided this rationale during the first sentencing hearing that took place on April 1, 2015. During the resentencing hearing held on September 20, 2017, the trial court indicated that it was reassessing all costs as originally assessed.

[3] Decided before amendment of MCL 769.1k under 2014 PA 352, *Jackson* cites to subsection (1)(b)(*iii*) of 2005 PA 316, as amended by 2006 PA 655, as permitting trial courts to assess attorney fees. *Jackson*, 483 Mich at 283. However, this provision is identical to the current MCL 769.1k(1)(b)(*iv*).

Mich App 627, 640-641; 588 NW2d 480 (1998). Nonetheless, a similar argument was previously rejected by this Court in *Konopka* with respect to the imposition of court costs. In *Konopka*, the defendant interpreted our Supreme Court's opinion in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014),[4] as requiring separate *penal* authority for the imposition of court costs rather than the *procedural* provisions of MCL 769.1k. *Id*. at 358. We held that *Cunningham* did not support such an interpretation, stating that "[n]othing in the *Cunningham* opinion leads to the conclusion that the Legislature is forbidden from granting trial courts the authority to impose reasonable court costs independent of the statute governing a sentencing offense, *or that the Legislature is forbidden to place such authority within MCL 769.1k itself*." *Id*. (emphasis added). We likewise conclude that, though procedural in nature, MCL 769.1k confers upon courts the authority to impose court costs and attorney fees.

Next, defendant contends that he lacked adequate notice and an opportunity to be heard regarding the trial court's imposition of attorney fees. Criminal defendants are entitled to the "minimal due process requirements" of notice and an opportunity to be heard regarding the enforcement of costs and fees. *Jackson*, 483 Mich at 292. Generally, due process is satisfied when notice is " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Sidun v Wayne County Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008), quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950). Whether a formal evidentiary hearing is necessary to provide a defendant an opportunity to be heard is dependent on the circumstances of a case. See, e.g., *Mathews v Eldridge*, 424 US 319, 348; 96 S Ct 893; 47 L Ed 2d 18 (1976) ("All that is necessary is that the procedures be tailored, in light of the decision to be made, to the capacities and circumstances of those who are to be heard, to insure that they are given a meaningful opportunity to present their case." (quotation marks and citation omitted)); *Jackson*, 483 Mich at 293 n 20 ("While some cases may require a

---

[4] *Cunningham* concerned the interpretation of the prior version of MCL 769.1k, which permitted courts to impose, *inter alia*, " '*[a]ny cost* in addition to the minimum state cost set forth in subdivision (a).' " *Cunningham*, 496 Mich at 152, quoting 2005 PA 316, as amended by 2006 PA 655 (emphasis added). The prosecutor interpreted the phrase "any cost" broadly, arguing that the statute provided independent authority for trial courts to impose any costs incurred, while the defendant maintained the language merely permitted courts to impose costs the Legislature had separately authorized by statute. *Id*. at 153. Because the statute specifically enumerated other types of costs trial courts could impose, such as a defendant's legal expenses, our Supreme Court reasoned that a broad interpretation of the phrase "any cost" would render these specific provisions nugatory. Likewise, the Supreme Court reasoned that the Legislature's continued enactment of penal provisions authorizing trial courts to impose particular fines and costs for certain offenses also strongly suggested that it did not intend MCL 769.1k to provide trial courts wholesale authority to impose "any cost." *Id*. at 157. Thus, it concluded that MCL 769.1k vested courts with the authority to impose only those costs the Legislature separately authorized by statute. *Id*. at 158. Shortly after *Cunningham* was decided, however, the Legislature amended MCL 769.1k to its current form expressly permitting trial courts to assess court costs. 2014 PA 352.

-4-

formal hearing for this analysis [regarding a defendant's ability to pay fees and costs], others clearly will not.").

In the present case, defendant argues that he was not afforded sufficient notice before the sentencing hearing of the trial court's decision to impose attorney fees. However, defendant concedes that, by completing and signing the form required to request a court-appointed attorney, he acknowledged the section providing, "I understand that I may be required to contribute to the cost of an attorney." This Court has previously found this portion of the request form to provide sufficient notice of the imposition of attorney fees. See *People v Dunbar*, 264 Mich App 240, 254; 690 NW2d 476 (2004), overruled on other grounds by *Jackson*, 483 Mich 271. With respect to defendant's opportunity to be heard, the trial court stated on the record during defendant's first sentencing hearing its decision to impose attorney fees and the amount of those fees. During the subsequent resentencing hearing, the trial court again stated on the record its decision to reassess all costs as originally assessed. At neither of these formal hearings did defendant voice his objections to the imposition of these fees, although he plainly had the opportunity to do so. Nor did defendant raise any objection to a remittance order enforcing the fees. A defendant must avail himself of his opportunities to be heard, and failure to do so does not equate to a deprivation of due process. Thus, we conclude that defendant was not deprived of his due-process rights to notice and an opportunity to be heard.

Affirmed.


/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Michael F. Gadola