*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN WHITE, JR.,

        Defendant-Appellant.

UNPUBLISHED
September 12, 2019

No. 346661
Livingston Circuit Court
LC No. 18-025036-FH

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this interlocutory appeal, defendant was charged with aiding and abetting delivery of a controlled substance causing death, MCL 750.317a, and appeals by leave granted[1] the trial court's order denying his motion to dismiss for improper venue. We recognize that, under *People v McBurrows*, ___ Mich___; ___NW2d___ (2019) (Docket No. 157200), venue is generally proper only in the county where the delivery took place. However, although the delivery in this case occurred in Macomb County, we conclude that venue was nonetheless proper in Livingston County because, pursuant to MCL 762.8, defendant intended his actions to have an effect in that county. We affirm.

## I. FACTUAL BACKGROUND

According to testimony presented at defendant's preliminary examination, on October 24, 2017, the decedent, Thomas Whitlow, Jr., traveled with three companions—his mother, Kelly Whitlow; Kelly's boyfriend, Craig Betke; and Kelly's friend, Danielle Hannaford—from Betke's home in Howell, Michigan, to a gas station in Macomb County, Michigan, to meet defendant for the purpose of purchasing heroin and cocaine. When defendant arrived at the gas station, Hannaford got into his vehicle and purchased the substances from him. Thomas and his

---

[1] *People v White*, unpublished order of the Court of Appeals, entered April 9, 2019 (Docket No. 346661).

companions then returned to Betke's home in Howell, where, later that day, Thomas died of fentanyl and cocaine toxicity. Defendant was charged and bound over in Livingston County for aiding and abetting the delivery of a controlled substance causing death, MCL 750.317a.[2] Defendant moved to dismiss for improper venue, arguing that, under *People v McBurrows*, 322 Mich App 404; 913 NW2d 342 (2017),[3] venue was proper only in Macomb County, where the delivery took place. The trial court denied the motion, concluding that defendant knew that his actions would have an effect in Livingston County, and that *McBurrows* did not contemplate such a scenario. We agree.

## II. ANALYSIS

"A trial court's determination regarding the existence of venue in a criminal prosecution is reviewed de novo." *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010). "A trial court's ruling addressing a motion to dismiss is reviewed for an abuse of discretion." *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Buie*, 491 Mich 294, 320, 817 NW2d 33 (2012).

"A criminal 'trial should be by a jury of the county or city where the offense was committed.'" *McBurrows*, ___ Mich at ___; slip op at 3, quoting *People v Lee*, 334 Mich 217, 226; 54 NW2d 305 (1952). This rule, known as "the 'crime-committed' formula," is universally applicable unless a specific legislative exception applies. *Id*. at ___; slip op at 3-4 (quotation marks omitted). "Thus, identifying a proper venue is a two-step process: first, we must identify the proper venue under the general rule; second, we must determine whether" a legislatively crafted exception applies. *Id*. at ___; slip op at 4.

Defendant was charged with delivery of a controlled substance causing death under MCL 750.317a, which provides:

> A person who delivers a schedule 1 or 2 controlled substance, other than marihuana, to another person in violation of . . . MCL 333.7401, that is consumed by that person or any other person and that causes the death of that person or other person is guilty of a felony punishable by imprisonment for life or any term of years.

MCL 750.317a "punishes an individual's role in placing the controlled substance in the stream of commerce, even when that individual is not directly linked to the resultant death." *People v Plunkett*, 485 Mich 50, 60; 780 NW2d 280 (2010). Although the death of a person is an element of the crime proscribed by MCL 750.317a, *McBurrows*, ___ Mich at ___; slip op at 8-9, the

---

[2] Hannaford was charged for delivering the substances directly to Thomas.

[3] During the pendency of this appeal, our Supreme Court issued an opinion in *McBurrows* affirming our result but disagreeing with our reasoning. The Supreme Court's opinion is discussed in further detail below.

"act" that makes up the offense for a defendant's purposes is the actual delivery of the controlled substance, *id*. at ___; slip op at 7-9. As such, in *McBurrows*, our Supreme Court unequivocally concluded that "a violation of MCL 750.317a occurs at the place of the delivery of the controlled substance." *Id*. at ___; slip op at 7. Therefore, "[i]n a prosecution for delivery of a controlled substance causing death, the proper venue at common law is in the county where the delivery occurred." *Id*. The delivery in this case undisputedly occurred in Macomb County.

However, the trial court believed that venue was nonetheless proper in Livingston County because defendant knew that his actions would have an effect in that county. Indeed, MCL 762.8 provides:

> Whenever a felony consists or is the culmination of 2 or more acts done in the perpetration of that felony, the felony may be prosecuted in any county where any of those acts were committed or in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect.

Pursuant to the latter section of the statute,[4] where a defendant intends for an offense or for the acts done in perpetration of an offense to have an effect in a certain county, that county may serve as an appropriate venue for prosecution.[5]

Defendant contends that, despite the fact that the statute authorizes venue in counties in which a defendant intends a felony to have an effect, the statute does not authorize venue in a county where a defendant's felony merely "happens to have an effect." We are inclined to agree with the trial court, however, that defendant's act did not merely happen to have an effect in Livingston County. The trial court determined that defendant was aware that Thomas and his companions were driving from Livingston County to purchase heroin and cocaine, and defendant was aware that they would likely return to Livingston County to consume the substances. This was not happenstance. Defendant sold the substances with the understanding that they would be consumed and with knowledge of where that would happen.

Accordingly, although *McBurrows* would generally provide that venue was only proper in Monroe County because that is where the delivery occurred, MCL 762.8 provides that venue is also proper in Livingston County because defendant understood that his felony would have an

---

[4] Although *McBurrows* analyzes the first clause of MCL 762.8, the Supreme Court specifically noted with respect to the second clause that there had been no argument as to whether the defendant " 'intended' for any effects of his offense to be felt" in the county that he was charged. *McBurrows*, ___ Mich at ___; slip op at 17. Thus, *McBurrows* can provide no guidance with respect to application of that portion of the statute.

[5] Notably, the latter clause of MCL 762.8 was not added until 2013, following a ruling by our Supreme Court that the statute did not "contemplate venue for prosecution in places where [only] the effects of [an] act are felt." MCL 762.8 as amended by 2013 PA 128; *People v Houthoofd*, 487 Mich 568, 584; 790 NW2d 315 (2010). *Houthhoofd* was clear that an act must have actually *occurred* in a specific county for that county to have jurisdiction. *Houthoofd*, 487 Mich at 584.

effect in that county, and indeed, by selling the controlled substances to Thomas and his companions, defendant intended that effect. With that in mind, we need not address the argument that *McBurrows* does not apply to cases premised on aiding and abetting, nor the argument that the trial court would be obligated to transfer venue had venue actually been improper.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood