PEOPLE v MATTOON

Docket No. 259822. Submitted May 11, 2006, at Petoskey. Decided June
6, 2006, at 9:20 a.m.

Frank J. Mattoon, III, was convicted by a jury in the Kalkaska
Circuit Court of kidnapping, felonious assault, and possession of a
firearm during the commission of a felony after holding his
girlfriend at gunpoint for approximately nine hours. At sentenc-
ing, the probation department recommended scoring 50 points for
offense variable (OV) 7, MCL 777.37, which applies to "aggravated
physical abuse." The court, Dennis F. Murphy, J., ruled that the
plain language of the statute required actual physical abuse of the
victim to justify scoring 50 points, and therefore scored OV 7 at
zero. The defendant initially appealed his sentence, but ultimately
stipulated to dismiss the appeal, leaving only the prosecutor's
cross-appeal of the scoring of OV 7.

The Court of Appeals *held*:

Actual physical abuse is not required to justify scoring points
for aggravated physical abuse under OV 7. The language of the
statute plainly encompasses conduct that does not involve physical
abuse, such as subjecting the victim to extreme or prolonged
humiliation.

Reversed and remanded for further proceedings.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — AGGRAVATED
PHYSICAL ABUSE.

A sentencing court may properly score points under offense variable
7, aggravated physical abuse, despite the fact that no actual
physical abuse occurred (MCL 777.37).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Brian F. Donnelly*, Prosecuting Attor-
ney, and *Laura Cook*, Assistant Attorney General, for
the people.

*Nieuwenhuis Law Office, P.C.* (by *Helen C. Nieuwen-
huis*), for the defendant.

Before: SAWYER, P.J., and KELLY and DAVIS, JJ.

SAWYER, P.J. We are asked to determine in this case whether offense variable (OV) 7 of the Sentencing Guidelines may be scored at 50 points where there is no actual physical abuse of the victim. We conclude that the language of the statute includes situations in which there is emotional or psychological, but not physical, abuse of the victim and that actual physical abuse is not required to justify assessing 50 points for this variable. We reverse and remand.

Defendant was convicted, following a jury trial, of kidnapping,[1] felonious assault,[2] and possession of a firearm during the commission of a felony.[3] His convictions arise out of an incident in which he held his girlfriend at gunpoint for approximately nine hours in their home before she was able to escape and summon the authorities.

The probation department had recommended scoring OV 7 at 50 points. Defendant objected at sentencing to the scoring, arguing that it should be scored at zero. The trial court initially agreed with the prosecutor that the variable was correctly scored. Following a recess, however, the trial court reversed itself and concluded that the plain language of the statute required actual physical abuse of the victim to justify a score of 50 points and, therefore, sustained defendant's objection to the scoring of OV 7 and rescored it at zero points. This rescoring affects the sentencing guidelines' recommendation with respect to the kidnapping conviction, though not with respect to the felonious assault conviction.

---

[1] MCL 750.349.

[2] MCL 750.82.

[3] MCL 750.227b.

MCL 777.37 provides as follows:

> (1) Offense variable 7 is aggravated physical abuse. Score offense variable 7 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) A victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense.....50 points
>
> (b) No victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense .......0 points

> * * *

> (3) As used in this section, "sadism" means conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification.

The trial court ultimately concluded that this statute requires actual physical abuse in order to score 50 points for the variable. While the label of OV 7 is "aggravated physical abuse," when the section is read as a whole, it is clear that the Legislature does not require actual physical abuse in order for points to be assessed under this variable. Specifically, subsection 3 defines "sadism" to mean "conduct" that, among other things, subjects the victim to extreme or prolonged humiliation. While humiliation may have a physical component, there does not have to be physical abuse in order to produce humiliation. Emotional or psychological abuse can certainly have that effect as well. If the Legislature intended to limit the applicability of OV 7 to cases where there is physical abuse, then instead of defining "sadism" to be "conduct" that produces pain or

humiliation, it would have said "physical abuse" that subjects the victim to pain or humiliation.

In interpreting statutes, we start by examining the plain language of the statute; if the statutory language is plain and unambiguous, then no judicial interpretation is necessary or permitted, and we presume that the Legislature intended the meaning it plainly expressed.[4] Further, "effect must be given to every word, phrase, and clause" to the extent possible.[5] If we were to require actual physical abuse in interpreting this statute, we would be ignoring the Legislature's choice of the word "conduct" in writing the statute. We would not only be ignoring the plain meaning of the statute, we would not fully give meaning to the words used by the Legislature in writing it. In fact, the only basis for an interpretation that would require actual physical abuse is that the Legislature applied the label "aggravated physical abuse" to OV 7. But, in our view, this is more akin to the Legislature's use of a catch line heading, which is not to be considered in interpreting a statute.[6] The fact that the Legislature applied a narrow label to OV 7 does not justify ignoring the larger definition drafted by the Legislature in describing OV 7. And in our view, the plain meaning of that larger definition encompasses conduct that does not necessarily involve physical abuse. Therefore, we decline to read into the statute a requirement that there be actual physical abuse in order to score 50 points under this variable.

This case appears to be the first time that this Court has directly considered the question whether OV 7 requires actual physical abuse. But we do note that in

---

[4] *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

[5] *Id.*

[6] MCL 8.4b; *People v Al-Saiegh*, 244 Mich App 391, 396-397; 625 NW2d 419 (2001).

*People v Hornsby*,[7] we upheld a scoring of 50 points for OV 7 based on the pointing and cocking of a gun, as well as the making of verbal threats, but apparently no actual physical abuse. While we cannot necessarily say that *Hornsby* is controlling on this issue because it did not directly consider whether physical abuse was required, it is certainly consistent with our decision today and supports our interpretation of the statute.

On remand, the trial court shall reconsider the scoring of OV 7 in light of our holding that the statute does not require actual physical abuse in order to justify the scoring of 50 points for this variable. If the trial court upholds the original scoring of 50 points for OV 7 in this case, it shall resentence defendant accordingly.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[7] 251 Mich App 462, 468-469; 650 NW2d 700 (2002).