# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY JEROD JOHNSON,

Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 320634
Wayne Circuit Court
LC No. 13-005124-FC

Before: STEPHENS, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(h)(*ii*) (victim was mentally incapable, mentally disabled, mentally incapacitated, or physically helpless), assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1), and domestic violence, MCL 750.81(2). Defendant was sentenced to 15 to 25 years' imprisonment for each CSC-I conviction, 4 ½ to 10 years' imprisonment for the assault with intent to commit criminal sexual conduct conviction, and 250 days, time served, for the domestic violence conviction. We affirm.

This case arises from a number of sexual assaults defendant committed against LT, a developmentally disabled member of his household. In the time surrounding the assaults, defendant regularly kept LT locked in a bedroom, which was full of trash and did not contain a bed or any method of communicating with the outside world. While locked in the room, LT was forced to use a pot to urinate and defecate in.

Defendant contends that the trial court erred in assigning 50 points under offense variable (OV) 7 at sentencing because his conduct did not amount to sadism, torture, excessive brutality, or conduct designed to substantially increase LT's fear and anxiety during the offense. We disagree.

We review a trial court's factual determinations, including those necessary to score the sentencing guidelines, for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). The trial court's factual determinations "must be supported by a preponderance of the evidence." *Hardy*, 494 Mich at 438. "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by

statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

MCL 777.37 provides, in part, the following:

(1) Offense variable 7 is aggravated physical abuse. Score offense variable 7 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) A victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense ...............................................................................50 points

(b) No victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense ...............................................................................0 points

In this case, there was sufficient evidence to support the trial court's assessment of 50 points under OV 7 on the grounds of sadism or excessive brutality. In the context of OV 7, "sadism" is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). Emotional or psychological abuse may produce humiliation, and physical abuse is not required. *People v Mattoon*, 271 Mich App 275, 277; 721 NW2d 269 (2006). Defendant locked LT in a room for long periods of time, including the daytime hours between the two assaults. She could not communicate with anyone, could eat only what defendant provided, had no bed on which to sleep, and was forced to urinate and defecate in a pot. This evidence is sufficient to demonstrate that defendant imposed prolonged humiliating conditions upon LT.

Given the evidence, the trial court could also have found that defendant imposed these humiliating conditions to produce suffering. See MCL 777.37(3). LT testified that defendant punished her by confining her to the room when she did something wrong. She further testified that defendant told her he put a lock on the door because she "was on punishment and didn't do what [she] was supposed to be doing." Defendant installed the lock after he heard that LT was trying to initiate or had initiated a sexual relationship with one or more of the neighbors. Thus, the evidence shows that defendant acted to isolate and punish LT for her attempted liaison with the neighbors, intentionally inflicting suffering upon her by denying her freedom, sanitary conditions, and communication with other human beings. Accordingly, the trial court could appropriately conclude that defendant's conduct was sadistic. See MCL 777.37(3); *Hardy*, 494 Mich at 438; *Mattoon*, 271 Mich App at 277.

Unlike sadism, excessive brutality is not defined in MCL 777.37. This Court has previously defined "excessive brutality" as "savagery or cruelty beyond even the 'usual' brutality of a crime." *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds sub nom *Hardy*, 494 Mich 430. Defendant treated LT with cruelty by locking her in a room with no way to feed or bathe herself, no way to interact with another person, no bed to sleep on, no access to a toilet, and no way to escape repeated assaults. Defendant's conduct was

cruel beyond the usual brutality associated with CSC-I because, in addition to the sexual assaults, defendant confined LT in a distinctly dehumanizing fashion. The trial court did not err because it had sufficient evidence to assign 50 points under OV 7 on the ground of excessive brutality.

Finally, the trial court did not err because there was sufficient evidence to show that defendant's conduct was designed to substantially increase LT's fear and anxiety during the offense. In determining whether a defendant's conduct was designed to substantially increase fear and anxiety, "[t]he relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Hardy*, 494 Mich at 443-444. In making this evaluation, "a court can infer intent indirectly by examining the circumstantial evidence in the record that was proven by a preponderance of the evidence" and need not rely on a defendant's own statements. *Id*. at 440 n 26. If a defendant's conduct was designed to substantially increase the victim's fear and anxiety, the conduct need not have been "similarly egregious" to sadism, torture, or excessive brutality. *Id*. at 443.

Defendant committed CSC-I under MCL 750.520b(1)(h)(*ii*) by engaging in sexual penetration with a mentally disabled person over whom he had authority. But defendant did much more than that. Before, during, and after the assaults, defendant kept LT locked in a bedroom with no way of communicating with the outside world, no way of escaping, and no way of feeding or cleaning herself unless he allowed it. Defendant slapped LT in the face a number of times while he tried to force her to perform fellatio on him. LT testified that she was "in a lot of pain" and began to bleed during the assaults. Therefore, defendant engaged in conduct beyond the minimum required to commit the offense of CSC-I.

The trial court could also have legitimately inferred that defendant intended to increase LT's fear and anxiety by a considerable amount. See *Hardy*, 494 Mich at 440 n 26, 443-444. Defendant locked LT in an isolated room after assaulting her, knowing that she had no way to escape or call for help. Contrary to defendant's assertion that he locked LT in the room to keep her safe, the evidence indicates that he locked her in the room as punishment for failing to act in the manner he demanded and because he intended to commit repeated assaults against her. See *People v McDonald*, 293 Mich App 292, 298-299; 811 NW2d 507 (2011) (holding that the defendant intended to increase a victim's fear or anxiety when he "made threats that clearly indicated that he could find her again in the future"). Sufficient evidence supported a conclusion that defendant's conduct was designed to substantially increase LT's fear and anxiety. Accordingly, the trial court did not err when it assessed 50 points under OV 7 because the evidence supported a finding that defendant's conduct was sadistic, excessively brutal, and designed to substantially increase his victim's fear and anxiety during the offense.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Michael F. Gadola