*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AMBER R. SPEED,

        Defendant-Appellant.

FOR PUBLICATION
February 4, 2020
9:10 a.m.

No. 343184
Ingham Circuit Court
LC No. 17-000360-FH

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of conducting a criminal enterprise, MCL 750.159i(1). The jury found her not guilty of one count of recruiting a minor for sexually abusive activity, MCL 750.462e,[1] and one count of inducing a person to engage in prostitution, MCL 750.455,[2] with respect to one victim, and could not reach a verdict on the same charges with respect to another victim. The trial court sentenced her to 5 to 20 years' imprisonment. We affirm.

Defendant was accused of recruiting minors into prostitution and forcing these minors to engage in sexual activities in exchange for money and drugs. She was initially charged with nine counts for various related offenses, including human trafficking, that allegedly occurred on or about August 2009 through 2013. The prosecution dismissed four counts prior to trial, and the jury found defendant not guilty of two counts, but was unable to reach a verdict on two other counts. The jury ultimately found defendant guilty of one count of conducting a criminal enterprise.

On appeal, defendant asserts that there was insufficient evidence to convict her of the crime of conducting a criminal enterprise. However, defendant's specific claim of error is that she could not be found guilty of this crime where the jury did not find that she committed the predicate

---

[1] Formerly found at MCL 750.462g.

[2] Amended by 2014 PA 331, effective October 16, 2014.

alleged acts of racketeering. Thus, defendant's claim is not a claim that the evidence presented was factually lacking, but is instead a legal claim that she could not be convicted under MCL 750.159i when she was not convicted of any predicate offenses under MCL 750.159g.[3]

To the extent that defendant sets forth a claim challenging the sufficiency of the evidence, this Court reviews de novo a defendant's challenge to the sufficiency of the evidence to support his or her conviction. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). "In examining the sufficiency of the evidence, 'this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt.' " *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation omitted).

Defendant did not raise the issue of whether she could be convicted under MCL 750.159i without being convicted of predicate offenses before the trial court. This issue is thus unpreserved. Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). An issue of statutory interpretation is reviewed de novo. *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003). In interpreting statutes, we start by examining the plain language of the statute and if the statutory language is plain and unambiguous, then no judicial interpretation is necessary or permitted. *People v Mattoon*, 271 Mich App 275, 278; 721 NW2d 269 (2006). Further, we give effect every word, phrase, and clause to the extent possible. *Id*.

MCL 750.159i provides, in relevant part:

(1) A person employed by, or associated with, an enterprise shall not knowingly conduct or participate in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity.

A "pattern of rack racketeering activity" means not less than 2 incidents of racketeering to which all of the following characteristics apply:

(*i*) The incidents have the same or a substantially similar purpose, result, participant, victim, or method of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated acts.

(*ii*) The incidents amount to or pose a threat of continued criminal activity.

(*iii*) At least 1 of the incidents occurred within this state on or after the effective date of the amendatory act that added this section, and the last of the incidents

---

[3] Defendant has not argued that the facts did not support her conviction under MCL 750.159i; rather, defendant has argued that there were no predicate acts found, which made it impossible to be convicted under MCL 750.159i. And, defendant contests not the *facts* of the predicate offenses but the *validity* of her conviction because the jury found her not guilty of two predicate offenses and could not render a verdict on the other two predicate offenses.

occurred within 10 years after the commission of any prior incident, excluding any period of imprisonment served by a person engaging in the racketeering activity. [MCL 750.159f(c)]

The term "racketeering," in turn, is defined as

committing, attempting to commit, conspiring to commit, or aiding or abetting, soliciting, coercing, or intimidating a person to commit an offense for financial gain, involving any of the following:

\* \* \*

(*ii*) A violation of . . . [MCL 750.452, MCL 750.455, MCL 750.457, MCL 750.458, or MCL 750.459], concerning prostitution.

(*jj*) A violation of [MCL 750.462a *et seq*.] concerning human trafficking. [MCL 750.159g]

In order to find defendant guilty of racketeering, then, the jury needed to find beyond a reasonable doubt that:

(1) an enterprise existed, (2) defendant was employed by or associated with the enterprise, (3) defendant knowingly conducted or participated, directly or indirectly, in the affairs of the enterprise, (4) through a pattern of racketeering activity that consisted of the commission of at least two racketeering offenses that (a) had the same or substantially similar purpose, result, participant, victim, or method of commission, or were otherwise interrelated by distinguishing characteristics and are not isolated acts, (b) amounted to or posed a threat of continued criminal activity, and (c) were committed for financial gain. [*People v Martin*, 271 Mich App 280, 321; 721 NW2d 815 (2006)]

One of elements of conducting a criminal enterprise is "(4) through a pattern of racketeering activity that consisted *of the commission of at least two racketeering offenses* . . . ." *Martin*, 271 Mich App at 321 (emphasis added). Additionally, a plain reading of MCL 750.159i, MCL 750.159f(c), and MCl 750.159g indicates that a jury must find that the defendant at least twice committed, attempted to commit, conspired to commit, or aided or abetted, solicited, coerced, or intimidated a person to commit, one of the offenses listed. However, the statute is silent on whether a defendant must have been *convicted* of at least two racketeering offenses.

Although there is no caselaw directly on point, *Martin*, 271 Mich App 280, provides guidance on this issue. In *Martin*, several appeals were consolidated to address multiple defendants' convictions and sentences arising out of their participation in the operation of an adult entertainment establishment. *Id*. at 824. Two of the defendants were charged with and convicted of a single count of racketeering in violation of MCL 750.159i(1). *Id*. at 827. At the time of their joint trial, two predicate offenses were listed on the informations. *Id*. at 827. "Thus, in order to prove the racketeering charge, plaintiff had to prove that defendants violated both predicate offenses." *Id*. "[D]efendants could not have committed racketeering without committing the

-3-

predicate offenses and the jury could not convict defendants of racketeering without making findings regarding factual elements that were not part of the predicate offenses." *Id*. One of the defendants, Martin, argued that "the prosecution failed to present sufficient evidence to prove the elements of the racketeering offense *and the underlying predicate acts*" and, accordingly, the trial court should have issued a directed verdict in his favor. *Id*. at 313-314 (emphasis added). This Court disagreed, holding that "the essential elements of racketeering and the predicate offenses were proven beyond a reasonable doubt" (*id*. at 327), *despite* Martin never having been convicted of any predicate offenses. This Court concluded that there was sufficient evidence to show "that defendant knowingly conducted or participated in the affairs of [the adult entertainment establishment] directly or indirectly through a pattern of racketeering activity, which included committing, attempting to commit, conspiring to commit or aiding or abetting the violation of MCL 750.452 and MCL 750.457." *Martin*, 271 Mich App at 323-324. In other words, despite Martin having been *convicted* only of conducting a criminal enterprise and not any predicate offenses, this Court, when presented with a sufficiency of the evidence argument, looked at the two predicate offenses alleged at trial and held that the evidence supported a determination that Martin had committed, attempted to commit, conspired to commit, or aided or abetted in a violation of these two predicate offenses.

Though the defendants in *Martin* admittedly did not present the same argument that defendant makes on appeal here, it is noteworthy that this Court took no issue that Martin was not convicted of any predicate offenses and that we analyzed whether there was sufficient evidence to show that defendant had *engaged* in the predicate offenses, notwithstanding the lack of charges or convictions for those predicate offenses. Therefore, *Martin* suggests that conducting a criminal enterprise does not require convictions of but, rather, merely evidence to *prove* a defendant engaged in at least two predicate offenses.

In *People v Schrauben*, 314 Mich App 181; 886 NW2d 173 (2016), on the other hand, we affirmed the trial court's dismissal of defendant's conviction of conducting a criminal enterprise, after it determined that his convictions of embezzlement, which supported the conviction for conducting a criminal enterprise, could not be proven beyond a reasonable doubt. In that case, defendant was charged, among other things, with converting money that belonged to a funeral home to his own use (embezzlement) and conducting a criminal enterprise based upon that embezzlement. *Id*. at 198-199. We, like the trial court, determined that the money at issue never belonged to the funeral home and that the money never came into defendant's possession because of a relationship of trust—two essential elements of an embezzlement conviction. *Id*. Accordingly, this Court concluded that the trial court did not err in granting directed verdict on both the embezzlement *and* conducting a criminal enterprise charges. *Id*. at 199. This Court engaged in no lengthy analysis concerning the viability of the conducting a criminal enterprise charge but, rather, apparently assumed that, without the embezzlement convictions, the conducting a criminal enterprise conviction could not stand. While this case would appear to suggest that a conducting a criminal enterprise conviction requires convictions of predicate offenses, we find that it actually does not.

In *Schrauben*, there was no possible way for embezzlement to be *proven* because the money was clearly not the funeral home's money and was not obtained by trust with the principal. In other words, there was no way legally for the commission of the predicate offenses to be established because it was clear that elements of embezzlement could not be met. It was not,

accordingly, necessarily the dismissal of the convictions of the predicate offenses that defeated the conducting a criminal enterprise charge, but, rather, the fact that the predicate offenses could not be established at all.

In the present case, there is no such issue. Although the jury found defendant not guilty of two counts and could not reach a unanimous verdict on two counts, there was nothing that conclusively prevented an element of those predicate offenses to be proven. And, in fact, there was evidence to support that defendant had engaged in the charged predicate acts of recruiting a minor for child sexually abusive activity, former MCL 750.462g, and procuring or inducing a person to engage in prostitution, MCL 750.455.

Under former MCL 750.462g, a person could "not knowingly recruit, entice, harbor, transport, provide, or obtain by any means, or attempt to recruit, entice, harbor, provide, or obtain by any means, a minor knowing that the minor will be used for child sexually abusive activity." Former MCL 750.455 stated in pertinent part:

> Any person who shall procure a female inmate for a house of prostitution; or who shall induce, persuade, encourage, inveigle or entice a female person to become a prostitute; or who by promises, threats, violence or by any device or scheme, shall cause, induce, persuade, encourage, take, place, harbor, inveigle or entice a female person to become an inmate of a house of prostitution or assignation place, or any place where prostitution is practiced, encouraged or allowed; or any person who shall, by promises, threats, violence or by any device or scheme, cause, induce, persuade, encourage, inveigle or entice an inmate of a house of prostitution or place of assignation to remain therein as such inmate; or any person who by promises, threats, violence, by any device or scheme, by fraud or artifice, or by duress of person or goods, or by abuse of any position of confidence or authority, or having legal charge, shall take, place, harbor, inveigle, entice, persuade, encourage or procure any female person to enter any place within this state in which prostitution is practiced, encouraged or allowed, for the purpose of prostitution; or who shall inveigle, entice, persuade, encourage, or procure any female person to come into this state or to leave this state for the purpose of prostitution; or who upon the pretense of marriage takes or detains a female person for the purpose of sexual intercourse; or who shall receive or give or agree to receive or give any money or thing of value for procuring or attempting to procure any female person to become a prostitute or to come into this state or leave this state for the purpose of prostitution, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 20 years.

Here, Haylee Young testified that she felt pressured by defendant into engaging in sexual activity with men in order to obtain money and drugs for defendant. Young testified that she engaged in sexual acts with a man who then gave defendant drugs after the encounter the first time defendant told her to, and that this occurred frequently after the first time. Young further testified that she observed defendant's daughter Ashleigh go on "dates" with men, and that these "dates" constituted sexual activity in exchange for something of value. Young testified that she and Ashleigh eventually set up their own "dates" with men, but still shared with defendant the money and drugs they obtained. None of Young's actions occurred until after meeting defendant and

spending time at her house. Dejuan Horne testified that men visited defendant's house in order to exchange money and drugs for sexual acts, and that he even drove some of the girls to meet men at hotel rooms and houses on occasion. Jeffrey Howenstine testified that he gave money for the receipt of sexual acts from Ashleigh, and that defendant was aware of this and blackmailed him with this information.

Accordingly, there was evidence for a jury to find that defendant had "recruit[ed], entice[d], harbor[ed], transport[ed], provide[d], or obtain[ed] . . . a minor [e.g,. Ashleigh] knowing that [Ashleigh would] be used for child sexually abusive activity," i.e., would be engaged in a listed sexual act. See former MCL 750.455; MCL 750.145c(o) and (i). Likewise, there was also sufficient evidence for the jury to find that defendant had "aid[ed] or abett[ed], solicit[ed], coerc[ed], or intimidat[ed] a person [i.e., Young and/or Ashleigh] to commit an offense [i.e., prostitution] for financial gain." MCL 750.159g. Moreover, the statutory definition of racketeering is "committing, attempting to commit, conspiring to commit, or aiding or abetting, soliciting, coercing, or intimidating a person to commit an offense for financial gain, involving" prostitution or human trafficking. The jury could thus have found that, while defendant did not aid, abet, solicit, coerce or intimidate the girls specifically named in the felony information for financial gain, she had perhaps *conspired* to do so—as would be all that is required under the racketeering statute. And, there were a multitude of charges that could have been brought against defendant, but were not, concerning young girls. Having presented sufficient evidence to establish each of the elements of at least two predicate offenses, the prosecution presented sufficient evidence for the jury to find defendant guilty of conducting a criminal enterprise.

That the jury did not convict defendant of the predicate offenses does not render the conducting a criminal enterprise conviction invalid, not only considering this Court's prior analysis of *Martin*, supra, but also because a jury verdict need not be consistent. *People v Vaughn*, 409 Mich 463, 465; 295 NW2d 354 (1980). "Juries are not held to any rules of logic nor are they required to explain their decisions." *Id*. at 466. Our Supreme Court explained;

> The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jury reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. These considerations change when a case is tried by a judge sitting without a jury. But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility. [*Id*.]

Similarly, in *People v Lewis*, 415 Mich 443; 330 NW2d 16 (1982), our Supreme Court held that the jury's verdict convicting the defendants of felony-firearm, MCL 750.227b, but acquitting them of the underlying felonies, did not invalidate the convictions. *Id*. at 448. The defendants had been convicted of felony-firearm but were acquitted of their respective felony charges. *Id*. at 446. The defendants argued on appeal that their felony-firearm convictions could not stand because they the jury had acquitted them of the requisite felony, which was an element of felony-firearm. *Id*. Our Supreme Court rejected this argument, reasoning that

-6-

[w]hen a jury responds to a multi-count indictment, lawyers and judges are often tempted to reconcile the verdicts, to strive for some rational compatibility. But to do so imposes an artificial gloss on jury verdicts. Narrowly viewed, a jury's acquittal on one charge in a multi-count indictment signals no more than the jurors' agreement not to convict on that charge for whatever reason satisfactory to them. [*Id*. at 450.]

The Court stated that the inconsistent verdict suggested that the jury had "either compromised or were lenient." *Id*. If leniency was the motivation, defendant had no complaint. The Court acknowledged that if the jury compromised, the defendant may have been prejudiced but that where a jury is unable to agree on a unanimous verdict on certain charges, the remedy is a mistrial where the defendant could be required to stand trial again on the charges—not dismissal of the charges or convictions. *Id*. at 451-452. In any event, the *Lewis* Court determined that "[t]he conviction of felony-firearm may be read as an implicit finding that the defendant did commit the felony" and that the Legislature made the commission or the attempt to commit a felony and not *conviction* of a felony an element of felony-firearm. *Id*. at 452-453. The Court concluded:

> Having in mind the legislative purpose to provide separate punishment for carrying a firearm in the commission of or attempt to commit a felony, we are satisfied that it is both within the letter of the statute and the spirit of the legislative purpose to construe the statute as providing for the imposition of sentence in a case where the jury convicts of felony-firearm but acquits of the underlying felony. It would not be consistent with the legislative purpose in enacting the felony-firearm statute to conclude that it intended that a felony-firearm conviction be set aside and no punishment at all be imposed in a case where the jury, extending leniency or compromising, failed to convict of the underlying felony, but did convict of felony-firearm. [*Id*. at 453-454]

We find the same to be applicable here. Just as no felony conviction was necessary for the jury to find the defendants guilty of felony-firearm in *Lewis*, so also in the present case was the jury not required to find defendant guilty of the predicate offenses in order to find her guilty of conducting a criminal enterprise. The jury could have been exercising leniency in the present case, just as it could have done so in *Lewis*.[4] And, just as there is no reference to the word "conviction" in the felony-firearm statute (MCL 750.227b), this word is also absent from MCL 750.159g. Instead, MCL 750.159g uses the words "committing" and "commit" rather than "conviction" or some variation. Because the conducting a criminal enterprise statute does not require a defendant to be convicted of the predicate offenses, but merely that a defendant engaged in them, and the

---

[4] The only potential issue is if the jury compromised in order to render its verdict, see *Lewis*, 415 Mich at 451-452, but defendant has advanced no argument in this regard on appeal, nor has she offered evidence that the jury did compromise.

evidence was sufficient for a jury to find that defendant committed the predicate offenses of recruiting a minor for sexually abusive activity (former MCL 750.462g) and of procuring or inducing a person to engage in prostitution (former MCL 750.455)[5], defendant is not entitled to relief.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[5] These two counts represent the two upon which the jury was unable to reach a verdict.