*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONALD LEE KISSINGER, JR.,

        Defendant-Appellant.

UNPUBLISHED
July 21, 2022

No. 356551
Berrien Circuit Court
LC No. 2020-002237-FC

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

This matter is before us on remand by the Supreme Court for consideration as on leave granted.[1] Defendant plead guilty to armed robbery, MCL 750.529, and was sentenced as a second-offense habitual offender, MCL 769.10, to 240 months to 60 years' imprisonment. We reverse and remand for resentencing.

This case arises out of defendant's April 2020 armed robbery of a home along with four codefendants: Cameron James Lampkins, Jordan Robert Stefanski, Kirsten Guillen, and Wyatt Lee Rhoades. Defendant testified that he had a knife when he went with his codefendants to the home, and he used the knife to assist in the larceny of drugs. Defendant did not know of a plan to take money. Two of the other defendants kicked in the back door of the home, and all the defendants went inside. Defendant kept his knife inside his coat, and the other defendants had guns out. Defendant loaded marijuana from the basement into a bag. Defendant testified that Lampkins and Guillen had two victims open a safe in the basement, and defendant saw his codefendants holding the male victim at gunpoint.

At the sentencing hearing, defense counsel objected to the assessment of points for offense variable (OV) 7 and OV 8, but the trial court assessed 50 points for OV 7 and 15 points for OV 8.

---

[1] *People v Kissinger*, 508 Mich 893 (2021).

The trial court explained that defendant and the codefendants broke into the victims' home, where there were children, by kicking in the door and going into the adults' bedroom wielding a revolver, shotgun, and knife while the adults were in bed. The trial court stated that the male victim was kicked in the head, hit with a gun, and held at gunpoint, while the female victim was held at knifepoint with her children there and forced to go downstairs and back upstairs. The trial court stated that the safe was opened, and defendants took approximately $15,000. The trial court stated that a gun was placed at the female victim's head in front of her children, and one defendant pushed one of the children with a gun and forced them to go back upstairs. The trial court stated that it "was a very, very dangerous crime," which defendant committed while on probation for another crime. The trial court explained that the guidelines range was a minimum 135 to 281 months' imprisonment, and the trial court sentenced defendant as explained earlier. This appeal followed.

Defendant argues first that the trial court erred by assessing points for OV 7. We agree.

This Court reviews de novo whether a trial court properly interpreted and applied sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). This Court reviews for clear error the trial court's findings in support of points it assesses under the sentencing guidelines. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The trial court's factual determinations "must be supported by a preponderance of the evidence." *Id*. Clear error exists when this Court is left with a definite and firm conviction that the trial court made an error. *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012). A defendant is entitled to resentencing when an error in calculating sentencing guidelines occurred. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

A trial court properly assesses 50 points for OV 7 when "[a] victim was treated with sadism, torture, excessive brutality or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). Absent such conduct, the score will be zero. MCL 777.37(1)(b).

A trial court may consider conduct inherent in the commission of the offense. *Hardy*, 494 Mich at 441-442. Under OV 7, "sadism" does not require actual physical abuse, but, rather, can include emotional or psychological abuse. *People v Mattoon*, 271 Mich App 275, 276; 721 NW2d 269 (2006). Further, "torture" is "the act of inflicting excruciating pain as punishment or revenge, as a means of getting a confession or information, or for sheer cruelty," and "excessive brutality" requires "savagery or cruelty beyond even the usual brutality of a crime." *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds sub nom *Hardy*, 494 Mich 430 (quotation marks and citations omitted). The focus when determining whether points are appropriate under OV 7 is on the defendant's conduct and purpose, rather than the victim's experience. *People v Kegler*, 268 Mich App 187, 191-192; 706 NW2d 744 (2005).

In *People v Lydic*, 335 Mich App 486, 496-497; 967 NW2d 847 (2021), this Court explained that a sentencing court determining whether to assess points pursuant to OV 7 is to conduct the following analysis:

> If the case involves conduct consisting of one or more of the categories of sadism, torture, or excessive brutality, then OV 7 applies. If the case does not involve one

or more of the categories of sadism, torture, or excessive brutality, then the sentencing court must determine whether the case involves "similarly egregious conduct" to at least one of those categories. If it does, the court also must determine whether the conduct substantially increased a victim's fear and anxiety. If all those factors are met, then OV 7 applies for purposes of the fourth category of conduct.

The trial court did not find that defendant engaged in torture or excessive brutality, but instead, that he engaged in "egregious conduct designed to increase fear and anxiety during the offense." Specifically, the trial court explained that holding the female victim at knifepoint while her "very young children" were there "certainly [was] a form of sadism" and was "certainly egregious conduct designed to increase fear and anxiety during the offense." Sadism involves "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). There are no allegations that defendant physically abused any victim, or engaged in conduct that subjected any of the victims to *prolonged* pain or humiliation *for defendant's gratification*, see MCL 777.37(3), even if sadism under OV 7 may include psychological abuse. See *Mattoon*, 271 Mich App at 276-277.

Moreover, a preponderance of the evidence does not support the facts that were the basis for the trial court's findings. See *Hardy*, 494 Mich at 438. The trial court stated that defendant held the female victim at knifepoint in the bedroom and that her sons, including a three-year-old child, were present. However, although Guillen reported that defendant held the female victim at knifepoint and was keeping an eye on the victim and "the baby," the victim did *not* report that the second, unidentified defendant in her room had a knife, despite reporting that Lampkins had a gun. Further, the victim asked the defendant if her son was okay, and the defendant told her that he was okay and "*in his room.*" (Emphasis added.) The victim only mentioned her older son entering the incident once she was in the kitchen after going to the basement to open the safe, and she never mentioned a knife. Further, although it appears to be undisputed that somebody hit a child with a gun, there is no basis to find that defendant was responsible for that egregious act, which the victim thought was intended to get the child to go upstairs.

The trial court stated that whether defendant held the knife or the gun, it was "clear that the whole situation here was meant to go beyond what [was] necessary to commit a basic robbery" and that holding a person at knife point with their children was meant to, and did, increase fear and anxiety. However, there was no indication that defendant directed the other actions of violence that would have induced fear in the victims and, in fact, the male victim reported that the defendants did not seem to know what each other were doing. As defendant argues, OV 7 must be scored on the basis of a defendant's own participation. See *People v Gloster*, 499 Mich 199, 206; 880 NW2d 776 (2016); *People v Hunt*, 290 Mich App 317; 810 NW2d 588 (2010).

Unquestionably, defendant's actions were reprehensible. However, there was not a preponderance of the evidence to support a finding that defendant's actions constituted any conduct provided for under OV 7. See *Hardy*, 494 Mich at 438; *People v Rodriguez*, 327 Mich App 573, 581; 935 NW2d 51 (2019). Although the male victim reported that he was sore after the assault and a subsequent car accident, and one child had unexplained marks on him following the incident, there is no indication that defendant caused those injuries or was specifically involved in the infliction of the injuries.

As defendant argues, cases upholding the assessment of points for OV 7 properly involve egregious and depraved behavior seeking gratification, of a kind in which defendant did not participate, however reprehensible defendant's behavior was. Because the trial court should have assessed zero points for OV 7, see MCL 777.37(1)(b), defendant must be resentenced. See *Francisco*, 474 Mich at 90-92.

Next, defendant argues that the trial court erred by assessing 15 points for OV 8. We agree.

A trial court properly assesses 15 points for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). Absent such conduct, the score will be zero. MCL 777.38(1)(b). The statute does not require "that the movement be greater than necessary to commit the sentencing offense." *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). The trial court may rely on reasonable inferences from the record when assigning points for variables. *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

The trial court found that defendants placed the female victim in a place of greater danger by moving her around the home. However, the presentence investigation report (PSIR) provides that Guillen, rather than defendant, had the female victim go to the basement with her. Although Guillen reported that she and defendant told the female victim to open the safe, Guillen also reported that *she* took the female victim downstairs. Further, the female victim reported that Guillen had her go to the basement, and Guillen told her to go upstairs after the female victim opened the safe. Once the female victim was on the main level of the home, one of the male defendants put a gun to her head and told her and her son to go upstairs, and he hit her son with the gun to guide him toward the stairs.

Going to the basement or the second floor, away from exits to the house, is potentially a place of greater danger. See *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013), abrogated on other grounds by *People v Barrera*, 500 Mich 14, 17; 892 NW2d 789 (2017). However, the PSIR does not establish that defendant told the female victim to go to the basement or back upstairs, particularly because defendant allegedly had a knife, according to Guillen, rather than a gun. Therefore, there was no factual basis from which to find that *defendant* moved a victim to a place of greater danger. See MCL 777.38(1)(a). In *Hunt*, 290 Mich App at 326, this Court explained that OV 7 does not provide for all offenders in a multiple offender situation to receive the same assessment of points, as OV 1, OV 2, and OV 3 provide. See MCL 777.31, MCL 777.32, and MCL 777.33. Likewise, OV 8 does not state that each offender shall be assessed the same number of points. See MCL 777.38. Therefore, only defendant's actual participation should be scored for OV 8. See *Hunt*, 290 Mich App at 326.

Further, there was no indication that defendant held a victim captive beyond the time necessary to commit the offense. See *id*. Information in the PSIR indicates that defendants left

-4-

the home once they had the items from the safe. Therefore, the trial court erred by assessing 15 points for OV 8, and defendant must be resentenced. See *Francisco*, 474 Mich at 92.[2]

Reversed and remanded for resentencing. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ Sima G. Patel

---

[2] Defendant also argues that his within-guidelines sentence was disproportionate and unreasonable; however, given our conclusion that defendant is entitled to resentencing on the basis of the OV scoring errors discussed, we need not address this additional issue. Nevertheless, we note that, under *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben* is binding on this Court. See MCR 7.215(C)(2) and MCR 7.215(J)(1). See also *People v Posey*, 334 Mich App 338, 356-357; 964 NW2d 862 (2020) (confirming the validity of *Schrauben*'s reasoning and declining to declare a conflict). Therefore, absent the scoring errors, we would affirm defendant's within-guidelines sentence.