*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BOBBY EDWARD SMITH,

        Defendant-Appellant.

FOR PUBLICATION
October 08, 2024
2:22 PM

No. 369679
Genesee Circuit Court
LC No. 2020-047237-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

MURRAY, J.

Defendant was initially convicted by a jury of attempted second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under 13), for which he was sentenced to time served plus 60 months' probation. After defendant pleaded guilty to violating his probation order requiring him to not have physical contact with anyone under the age of 17, the trial court found that defendant committed a "nontechnical" probation violation and sentenced him to serve 35 to 60 months in prison. We reverse the trial court's order finding that defendant committed a nontechnical violation of his probation, and remand to the trial court for resentencing.

The dispositive issue on appeal is whether the trial court erred by finding that defendant committed a nontechnical violation of his probation order. Defendant conceded that he violated the first condition of his probation order which stated that he "Must not have verbal, written, electronic or physical contact with any individual age 17 or under, or attempt to do so through another person." Specifically, defendant admitted that on May 18, 2023, he was in the presence of children under 17 years old, and that this contact took place outdoors with other adults present.

The trial court found that these actions constituted a nontechnical probation violation, and so revoked defendant's probation and imposed a prison sentence. Regarding its finding that the violation was a nontechnical one, the trial court stated, "While it may seem broad, it is allowed by law, and it was a condition of probation that he was to understand, and it was not that it was incidental contact, it was predatory contact." The court did not specify the legal basis for its determination, but the prosecuting attorney had argued generally that a violation of a no-contact order in a probation order was a nontechnical violation.

A trial court's decision to revoke probation is an exercise of discretion. *People v Breeding*, 284 Mich App 471, 479; 772 NW2d 810 (2009). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). A trial court necessarily abuses its discretion when it premises its decision on an error of law. *Gay v Select Specialty Hosp*, 295 Mich App 284, 292; 813 NW2d 354 (2012). This Court reviews de novo issues of law applied to uncontested facts. See *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004).

In challenging his prison sentence, defendant argues that his conduct constituted a technical violation of his probation order which could not properly result in a prison sentence. MCL 771.4b(9)(b) addresses this issue, and provides as follows:

> "Technical probation violation" means a violation of the terms of a probationer's probation order that is not listed below, including missing or failing a drug test, subparagraph (*ii*) notwithstanding. Technical probation violations do not include the following:
>
> (*i*) A violation of an order of the court requiring that the probationer have no contact with a named individual.
>
> (*ii*) A violation of a law of this state, a political subdivision of this state, another state, or the United States or of tribal law, whether or not a new criminal offense is charged.
>
> (*iii*) The consumption of alcohol by a probationer who is on probation for a felony violation of . . . MCL 257.625.
>
> (*iv*) Absconding.

Defendant was not accused of having failed a drug test, consumed alcohol, or violated a law, so the only question is whether he violated a no-contact order that "named an individual." Relevant to his admission of guilt, his order prohibited physical "contact with any individual age 17 or under," but this general language does not fall within the specification of MCL 771.4b(9)(b)(*i*), which (again) requires prohibited contact with "a named individual." Through this provision the Legislature unmistakably specified that to constitute a nontechnical violation, a defendant must violate a probation order that specifies not contacting a singular entity, i.e., "a named individual." As noted, defendant's probation order does not name an "individual," and describing a class of persons does not fall within the clear words of the statute. MCL 771.4b(9)(b)(*i*).

In order to sidestep this clear and unequivocal language, the prosecution argues that MCL 771.4b(9)(b)(*i*) is ambiguous, and that we should ignore the specific statutory language in light of the overall purpose of the probation violation statutes: to protect society from dangerous persons. Specifically, the prosecution argues that, reading the probation-revocation statutory provisions as a whole, "it is evident that the legislature intended to allow the revocation of probation if the court determined that the revocation would best serve the public interest if the probationer was

-2-

determined to be a danger to other individuals and/or the public." To this end, the prosecution emphasizes the legislature's intent "that the granting of probation is a matter of grace requiring the agreement of the probationer to its granting and continuance," MCL 771.4(1), and suggests that this general intent supports defendant's probation revocation because his violation demonstrated that he was not acting in accordance with pertinent conditions.

The goal of statutory interpretation is to determine and apply the intent of the Legislature. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). The first step in determining legislative intent is to examine the specific language of the statute, *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004), because the meaning plainly expressed is presumed to reflect the intent of the Legislature, *People v Mattoon*, 271 Mich App 275, 278; 721 NW2d 269 (2006). Judicial construction is appropriate only when a statute is ambiguous. *People v Warren*, 462 Mich 415, 427; 615 NW2d 691 (2000). "[A] provision of the law is ambiguous only if it irreconcilably conflicts with another provision, or when it is equally susceptible to more than a single meaning." *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008) (quotation marks, citation, and alteration omitted).

We have three points with respect to the prosecution's argument. First, our judicial duty is to enforce the language utilized by the Legislature to accomplish its policy goals, and there is no wiggle room in the language employed in MCL 771.4b(9)(b)(*i*). This more specific language provides greater evidence of legislative intent than does the more general legislative statements of purpose relied upon by the prosecution. *Wolverine Power Coop v DEQ*, 285 Mich App 548, 559; 777 NW2d 1 (2009).

Second, the prosecution does not specify how MCL 771.4b(9)(b)(*i*) presents an irreconcilable conflict with another statutory provision. MCL 771.4(2) specifically provides that "[a]ll probation orders are revocable subject to the requirements of section 4b of this chapter," and continues that "revocation of probation, and subsequent incarceration, should be imposed only for repeated technical violations, for new criminal behavior, as otherwise allowed in section 4b of this chapter, or upon request of the probationer." Accordingly, MCL 771.4b(9)(b)(i) is one of the vehicles referred to in MCL 771.4(1) to accomplish the legislative purposes discussed by the prosecution, and thus the two complement each other, leaving no avenue for disregarding the legislative designation in MCL 771.4b(9)(b)(*i*).

The prosecution also cites MCL 771.4b(7)(a), for the proposition that the trial court was authorized to characterize defendant's violation as nontechnical and impose a prison term. That subsection provides in pertinent part as follows:

> Except as otherwise provided in this subsection, there is a rebuttable presumption that the court shall not issue a warrant for arrest for a technical probation violation and shall issue a summons or order to show cause to the probationer instead. The court may overcome the presumption and issue a warrant if it states on the record a specific reason to suspect that 1 or more of the following apply:
>
> (a) The probationer presents an immediate danger to himself or herself, another person, or the public.

According to the prosecution, MCL 771.4b(7)(a) sets forth an "immediate danger" exception authorizing arrests for technical violations pursuant to the Legislature's intent to protect the public from those convicted of sex crimes. However, the arrest-warrant procedures for defendant's violation are not at issue. Because MCL 771.4b(7)(a) presents no conflict with other provisions of MCL 771.4b, it provides no basis for deviating from the legislative intent expressed by the plain language of MCL 771.4b(9)(b)(*i*). Although the probation revocation statutes undoubtedly function to protect[1] society, and defendant does not challenge the trial court's determination that he posed a danger to the children he encountered, the provisions of MCL 771.4b(7)(a) and MCL 771.4(1), as cited by the prosecution, do not pertain to whether defendant's violation could properly be considered nontechnical.[2]

Third, and finally, we reject the prosecution's argument that the use of "should" rather than "shall" within MCL 771.4(2) ("revocation of probation, and subsequent incarceration, should be imposed only for repeated technical violations, for new criminal behavior, as otherwise allowed in section 4b of this chapter, or upon request of the probationer"), indicates that probation revocation need not necessarily follow from the bases specified. However, despite the permissive language, the Legislature continued to incorporate the definitions and restrictions regarding technical violations found in MCL 771.4b. Thus, there is no statutory ambiguity allowing construction of MCL 771.4b(9)(b)(*i*) in any way other than recognizing that its plain language renders defendant's violation of the no-contact order a technical one.

Plain and unambiguous statutory language is to be "strictly construed, and cannot be extended beyond [the statute's] clear and obvious language." *People v Lewis*, 302 Mich App 338, 341-342; 839 NW2d 37 (2013) (quotation marks and citation omitted). "[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *People v Waltonen*, 272 Mich App 678, 685; 728 NW2d 881 (2006) (quotation marks and citation omitted). Because MCL 771.4b(9)(b)(*i*) unambiguously provides that a violation of a no-contact provision in a probation order is nontechnical only when the no-contact order pertains to a named individual, we hold that it was error for the trial court to conclude that the Legislature intended defendant's violation of the probation order prohibiting contact with a broad class of persons to be "nontechnical."

According to the plain language of MCL 771.4b(9)(b)(*i*), defendant's violation of his probation conditions was a technical one, as MCL 771.4b(1)(b)(*i*) limited the sentence for

---

[1] There is no question that defendant was subject to some incarceration for even a technical violation. Thus, to the extent the court determines defendant is a danger, it could still sentence him to jail time for a first offense.

[2] We note that MCL 771.4(5) states that the "court may investigate and enter a disposition of the probationer as the court determines best serves the public interest," and that, "[i]f a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made," but while also explicitly stating that such procedure remains "[s]ubject to the requirements of section 4b of this chapter," which, as noted, carefully distinguishes technical from nontechnical violations.

defendant's first and single technical violation of having contact with persons under 17 years old to 15 days in jail.

We reverse the order revoking defendant's probation for a nontechnical violation, and remand to the trial court for resentencing in accordance with MCL 771.4b(1)(b)(*i*). We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Anica Letica