PEOPLE v THREATT

Docket No. 233211. Submitted October 9, 2002, at Detroit. Decided October 25, 2002. Approved for publication December 20, 2002, at 9:35 A.M.

Anthony Threatt was convicted by a jury in the Wayne Circuit Court, Maggie W. Drake, J., of aggravated stalking. The defendant appealed, alleging insufficient evidence with respect to the statutory requirement that the defendant receive "actual notice" of a personal protection order (PPO). MCL 750.411i(2)(a). The defendant alleged that the term "actual notice" in subsection 411i(2)(a) should be construed in accordance with MCL 600.2950a, which pertains to the service requirements regarding PPOs.

The Court of Appeals *held*:

The term "actual notice" in subsection 411i(2)(a) is not ambiguous, and it is not necessary to construe the term in a manner that incorporates the service requirements of MCL 600.2950a. The evidence was sufficient to enable the trier of fact to find beyond a reasonable doubt that the defendant had actual notice of the PPO.

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *David A. McCreedy*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*) for the defendant on appeal.

Before: SAAD, P.J., and SMOLENSKI and OWENS, JJ.

PER CURIAM. A jury convicted defendant of aggravated stalking, MCL 750.411i, and the trial court sentenced defendant as a fourth-offense habitual

offender, MCL 769.12, to a term of six to twenty years' imprisonment. He appeals as of right, and we affirm.

Aggravated stalking consists of the crime of "stalking," MCL 750.411h(1)(d), and the presence of an aggravating circumstance specified in MCL 750.411i(2). Here, the prosecution argued that defendant was guilty of aggravated stalking because he engaged in stalking under the circumstances set forth in MCL 750.411i(2)(a) and (c):

> (a) At least 1 of the actions constituting the offense is in violation of a restraining order and the individual has received actual notice of that restraining order or at least 1 of the actions is in violation of an injunction or preliminary injunction.
>
> *     *     *
>
> (c) The course of conduct includes the making of 1 or more credible threats against the victim, a member of the victim's family, or another individual living in the same household as the victim.

Defendant challenges the sufficiency of the evidence with respect to the requirement in subsection 411i(2)(a) that the defendant receive "actual notice" of a personal protection order (PPO). Although defendant does not contend that the evidence was insufficient to establish aggravated stalking under subsection 411i(2)(c), he asserts that where two alternative theories of guilt are submitted to the jury and the evidence supporting one theory is legally insufficient, reversal is required because it is impossible to tell on which theory the conviction was based. See *People v Sammons*, 191 Mich App 351, 370; 478 NW2d 901 (1991); *People v Grainger*, 117 Mich App 740; 754-755;

324 NW2d 762 (1982); *People v Olsson*, 56 Mich App 500; 224 NW2d 691 (1974). Because we hold that there is sufficient evidence of "actual notice," we need not address defendant's "alternative theory" defense.

The term "actual notice" is not defined in subsection 411i(2)(a). Defendant argues, erroneously, that the term should be construed in accordance with the requirements of MCL 600.2950a relative to service of a PPO. Because the evidence failed to show that he was personally served with a copy of the PPO as required by MCL 600.2950a, defendant asserts that the evidence was therefore insufficient to establish "actual notice" for purposes of subsection 411i(2)(a).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Webb*, 458 Mich 265, 273-274; 580 NW2d 884 (1998). The rules of statutory construction require that every phrase be given its commonly understood meaning. *Id.* Here, in asking this Court to construe the term "actual notice" in the aggravated stalking statute in accordance with MCL 600.2950a, defendant appears to rely on the "in pari materia" rule. However, that interpretative aid should be used only where a statute is first determined to be ambiguous. *Tyler v Livonia Pub Schools*, 459 Mich 382, 392; 590 NW2d 560 (1999).

We are not persuaded that the term "actual notice" is ambiguous and, therefore, reject defendant's invitation to construe the term in a manner that incorporates the service requirements of MCL 600.2950a. Moreover, were we to examine MCL 600.2950a to determine what is required to demonstrate "actual notice" under the aggravated stalking statute, we

would find that it does not support defendant's claim that "actual notice" must be equated with service. MCL 600.2950a(8)(g), and (10) refer to "receiv[ing] actual notice" and "be[ing] served" in the alternative. These references indicate that, under MCL 600.2950a, "actual notice" is not the equivalent of service.

Viewed in a light most favorable to the prosecution, the evidence is sufficient to enable a rational trier of fact to find beyond a reasonable doubt that defendant had actual notice of the PPO. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). The complainant's testimony demonstrated that defendant made several statements from which his knowledge of the PPO could reasonably be inferred, that he had evaded service, and that defendant spoke with both the complainant and an investigator about the PPO.[1] The evidence is sufficient to establish that defendant had "actual notice" of the order.

Affirmed.

---

[1] The complainant testified that defendant told her, "I better stop playing and—and get this . . . up off of him." She understood that defendant was referring to the PPO because "[h]e had left messages to that effect before and that's the document that's on file against him." The complainant further testified that defendant referred to a court order or court document in September or October and that, on another occasion, defendant talked about information that was included in the attachment to the PPO.