# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RANDY LEE LASTER,

        Defendant-Appellant.

UNPUBLISHED
May 5, 2015

No. 319981
Wayne Circuit Court
LC No. 13-006566-FH

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

PER CURIAM.

Defendant was convicted by a jury of aggravated stalking, MCL 750.411i. He was sentenced to two to five years' imprisonment for his conviction. Defendant solely appeals the sentence, arguing that the trial court incorrectly scored the guidelines by assessing 50 points for offense variable (OV) 7, MCL 777.37, and 10 points for OV 4, MCL 777.34. We affirm.

The trial court's factual determinations under the sentencing guidelines are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 7 concerns "aggravated physical abuse," and a score of 50 points is properly assessed under OV 7 when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). If this provision is inapplicable, zero points are to be assessed in scoring OV 7. MCL 777.37(1)(b). We initially note that while this case concerns conduct rising to the level of aggravated stalking, it did not entail any physical abuse or contact. However, in regard to OV 7, this Court has held "that the language of the statute includes situations in which there is emotional or psychological, but not physical, abuse of the victim and that actual physical abuse is not required to justify assessing 50 points for this variable." *People v Mattoon*, 271 Mich App 275, 276; 721 NW2d 269 (2006).

In *Hardy*, the Michigan Supreme Court interpreted the phrase, "conduct designed to substantially increase the fear and anxiety a victim suffered during the offense," as used in MCL 777.37(1)(a). *Hardy*, 494 Mich at 440-444. The *Hardy* Court observed:

[W]e agree with the Court of Appeals that "[a]ll . . . crimes against a person involve the infliction of a certain amount of fear and anxiety." Since the "conduct designed" category only applies when a defendant's conduct was designed to substantially *increase* fear, to assess points for OV 7 under this category, a court must first determine a baseline for the amount of fear and anxiety experienced by a victim of the type of crime or crimes at issue. To make this determination, a court should consider the severity of the crime, the elements of the offense, and the different ways in which those elements can be satisfied. Then the court should determine, to the extent practicable, the fear or anxiety associated with the minimum conduct necessary to commit the offense. Finally, the court should closely examine the pertinent record evidence, including how the crime was actually committed by the defendant. As noted above, evidence which satisfies an element of an offense need not be disregarded solely for that reason. Instead, all relevant evidence should be closely examined to determine whether the defendant engaged in conduct beyond the minimum necessary to commit the crime, and whether it is more probable than not that such conduct was intended to make the victim's fear or anxiety increase by a considerable amount. [*Id*. at 442-443 (citations omitted; ellipsis and emphasis in original).]

The *Hardy* Court concluded that "[t]he relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id*. at 443-444.

Aggravated stalking consists of the crime of stalking and the presence of an aggravating circumstance specified in MCL 750.411i(2). *People v Threatt*, 254 Mich App 504, 505; 657 NW2d 819 (2002). Stalking is "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411i(1)(e); MCL 750.411h(1)(d). Stalking is elevated to aggravated stalking when, among other possible scenarios, the actions constituting the offense of stalking are in violation of a condition of probation or a restraining order. MCL 750.411i(2)(a) and (b). The record indicates that, with respect to the time of the charged incidents, defendant was subject to an order of probation that prohibited him from stalking or harassing the victim.

We hold that defendant engaged in conduct beyond the minimum necessary to commit the crime of aggravated stalking. In considering the elements of aggravated stalking and the different ways that the elements may be satisfied, defendant could have committed aggravated stalking by simply engaging in a willful course of conduct involving repeated or continuous harassment that would have caused a reasonable person, and did cause the victim, to feel harassed or molested. Instead, defendant engaged in conduct that went well beyond the minimum necessary to commit aggravated stalking. Beyond just merely harassing the victim, defendant acted in a manner designed to substantially increase her fear and anxiety by way of three phone calls on April 8, 2013, and three voicemails left for her on May 11, 2013.

With respect to the April 8th phone calls, defendant told the victim that "she should sleep with one eye open" and asked her if she had "ever seen a burning bed." As a result of

defendant's "burning bed" question, the victim thought that defendant was going to burn her house down. Moments later, defendant again called the victim, asking a question that suggested to the victim that he had people watching her home. Then on May 11, 2013, defendant left a voicemail for the victim in which he stated that he was not someone the victim "should f**k with." And later that day, defendant threatened in another voicemail that he knew where the victim lived and slept and that he would get "ruthless" if necessary. The victim construed these voicemails as constituting physical threats that caused her great fear and anxiety, and with good reason. She testified to a history with defendant that included him putting a butcher's knife to her throat, pressing a lit cigarette on her face, punching her in the face and head, resulting in bruises and black eyes, and throwing objects at her. Additionally, a police officer testified that the voicemails sounded "pretty threatening" and that the victim was "visibly upset" and shaking as she played the voicemails for the officer. Even in the context of aggravated stalking that can be established by showing terror, fright, or intimidation, we are addressing a case involving not only terror and fear about incurring a nonfatal physical injury, but a case, given the nature of the threats and background, giving rise to a genuine terror and fear of *death*. Under these circumstances, there was a preponderance of evidence establishing that defendant engaged in conduct that went beyond the minimum necessary to commit the crime of aggravated stalking and that was designed to substantially increase the victim's fear and anxiety by a considerable amount. Accordingly, the trial court did not err in assessing 50 points for OV 7.

Defendant also asserts that the trial court erred in assessing 10 points for OV 4, which addresses psychological injury to a victim, MCL 777.34. We initially find that given our affirmance of the 50-point score for OV 7, resentencing would be unnecessary even if OV 4 should have been assessed at zero points. The deduction of 10 points would not alter the offense variable level in the sentencing grid applicable to defendant, as level VI applies to a score of 75 or more points and defendant's total score would simply be reduced from 110 to 100 points. MCL 777.66 (scoring grid for class E offenses); *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required."). Moreover, the victim's testimony about being scared, frightened, "watch[ing] her back," looking over her shoulder constantly, and checking her home to make sure it was safe, along with the officer's testimony that the victim was "visibly upset" and shaking, constituted sufficient evidence to conclude that "[s]erious psychological injury requiring professional treatment occurred to [the] victim," thereby justifying the 10-point score. MCL 777.34(1)(a); *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014) ("The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated."). The fact that there was no evidence of the victim actually seeking treatment does not undermine our ruling, as 10 points can be assessed for a serious psychological injury that may simply require professional treatment. MCL 777.34(2) ("the fact that treatment has not been sought is not conclusive"). Accordingly, the trial court did not err in assessing 10 points for OV 4.

Affirmed.

/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Elizabeth L. Gleicher